475 F.2d 738
 Serafin CARMONA and Manuel Venegas, Individually, and on
behalf of all others similarly situated,
Plaintiffs-Appellants,
v.
Gilbert L. SHEFFIELD, Director of the California Department
of Human Resources Development, et al.,
Defendants-Appellees.
 No. 71-1575.
 United States Court of Appeals,
Ninth Circuit.
 April 2, 1973.
 
 Edward Newman (argued), Stephen Manley, Grace M. Kubota, Joel G. Schwartz, Robert A. Baines, San Jose, Cal., for plaintiffs-appellants.
 Richard L. Mayers, Atty. (argued), Evelle J. Younger, Atty. Gen., San Francisco, Cal., for defendants-appellees.
 Ricardo A. Callejo, San Francisco, Cal., for amicus curiae.
 Before CHAMBERS and CHOY, Circuit Judges, and JAMESON,* District Judge.
 CHAMBERS, Circuit Judge.
 
 
 1
 Carmona and Venegas seek to represent a class of persons who speak, read and write only Spanish and who reside in Santa Clara County, California. They were denied unemployment benefits by the California Department of Human Resources Development. According to the complaint, "The denial of unemployment insurance benefits to plaintiffs, and the subsequent dismissal of plaintiff CARMONA's administrative appeal, were a direct result of the failure of the San Jose office of HRD to make available Spanish-speaking employees to determine the validity of their claims, and the further failure of the defendants to send all written notices in Spanish to applicants who have evidenced an ability to understand only the Spanish language." They sought declaratory and injunctive relief based on constitutional claims under 42 U.S.C. Sec. 1983 and 28 U.S.C. Sec. 2201. They also asserted a pendant claim of violation of a California statute, and they purported to raise a claim under 42 U.S.C. Sec. 503(a)(1) (The Social Security Act).
 
 
 2
 The district court granted the state of California's motion to dismiss the action for failure to state a claim upon which relief can be granted. Carmona and Venegas have appealed.
 
 
 3
 The district court dismissed the action because of the burden plaintiffs' desired result would impose on administration of the California system of unemployment insurance compensation.
 
 
 4
 The due process claim is that even though notices of rights under the unemployment laws are adequate for those who speak English, the notices are no notice at all to plaintiffs. We cannot say, as a constitutional matter, that there is a relatively easy means of providing a more adequate form of notice, and we conclude that California's approach is a reasonable one. Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (1956).
 
 
 5
 Giving notice in English to these appellants is not a denial of equal protection. Even if we assume that this case involves some classification by the state, the choice of California to deal only in English has a reasonable basis. Cf. Dandridge v. Williams, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970).
 
 
 6
 The federal statutory claim is two-fold. First, appellants assert that the California system is not "reasonably calculated to insure full payment of unemployment compensation when due." 42 U.S.C. Sec. 503(a)(1). The Secretary of Labor has certified that the California system is so reasonably calculated. California Department of Human Resources Development v. Java, 402 U.S. 121, 125, 91 S.Ct. 1347, 28 L.Ed.2d 666 (1971). We believe that the additional burdens imposed on California's finite resources and California's interest in having to deal in only one language with all its citizens support the conclusion of reasonableness.
 
 
 7
 The other portion of the federal statutory claim rests on the incorporation by the regulations issued under Sec. 503 of the requirements of the due process and equal protection clauses. We have already decided these claims against appellants.
 
 
 8
 We do not reach the pendant state claims.
 
 
 9
 The judgment is affirmed.
 
 
 
 *
 The Honorable William J. Jameson, Senior United States District Judge for the District of Montana, sitting by designation