526 P.2d 730

**STATE of Arizona, Appellee,**

v.

**Jose NATIVIDAD, Appellant.**

**No. 2854.**

Supreme Court of Arizona, In Banc.

Sept. 25, 1974.

Rehearing Denied Nov. 12, 1974.

Gary K. Nelson, Former Atty. Gen., N. Warner Lee, Atty. Gen., Frank T. Galati, Asst. Atty. Gen., Phoenix, James K. Kerley, Deputy Cochise County Atty., Bisbee, for appellee.

Williams, Ryan & Herbolich, P. C., by Michael A. Carragher, Douglas, for appellant.

LOCKWOOD, Justice:

Jose Natividad, the defendant in this case, was charged with the crimes of possession of marijuana for sale in violation of A.R.S. § 36–1002.06 and transportation of marijuana in violation of A.R.S. § 36–1002.07. After a jury trial, the defendant was found guilty on both counts. He received a sentence of from three to five years on the first count and a sentence of from five years to life on the second with both sentences to run concurrently. From both the conviction and sentence the defendant appeals.

The facts of this case are as follows. On June 3, 1973, at approximately 9:15 p. m., the defendant was stopped by the police in Naco, Arizona. The police had received a tip that there might be a load coming across the border that night. Based upon what the police considered suspicious behavior by the defendant, he was stopped and asked to open his trunk. Inside the trunk were three burlap bags containing 80 kilo bricks of marijuana. The defendant was then taken to the Customs Station where he was interrogated in Spanish. The record is unclear as to the defendant's ability to speak and understand the English language.

The defendant stated that he had met a man in a bar across the border in Mexico who said he would pay the defendant $50 if he would deliver a car to Tucson for him. The defendant denied any knowledge of the marijuana in the trunk. He also stated that he was drunk when he agreed to deliver the car. The officers told the defendant that they would contact the Cochise County Attorney and request leniency if he would agree to cooperate.

Subsequently the defendant delivered the car to Tucson. He was then placed in the Tucson jail temporarily until he was returned to Bisbee. The officers, with assistance from the Tucson Narcotics Detail, kept the car under surveillance. After no one attempted to pick up the vehicle, the police returned to the Tucson Police Station where the defendant was again interrogated. A note in the defendant's wallet with a phone number on it was discovered. The police called the number which led to the eventual apprehension of the drug dealers.

The defendant in his appeal has raised two issues, but we need discuss only one. The question to be considered is whether a defendant is denied due process as guaranteed by the Fourteenth Amendment to the United States Constitution where he is not informed at the commencement of criminal proceedings that an interpreter will be provided at state expense, if need be, where the court is clearly on notice of severe language difficulties? Defendant contends that the failure of the court to provide him with the continuous assistance of a competent interpreter during the pretrial hearing, pretrial conferences with defense counsel and during the entirety of the trial has denied him due process of law. Specifically it is alleged that this deprivation has destroyed such due process protections as the right to confront witnesses, the right to assist in the preparation of one's own defense and the right to be represented by competent counsel.

The record indicates that Jose Natividad is an indigent Mexican national who has worked in this country for eighteen years as a farm worker. The record is barren of a reliable indication as to the defendant's ability to comprehend the English language. All interrogations, from arrest through trial, were conducted in Spanish. An interpreter to assist the defendant could have been obtained but was utilized only to translate the appellant's testimony when he took the stand. No interpreter was provided for the preliminary hearing, although the prosecutor did agree to take brief recesses in order that defense counsel could attempt to explain the proceedings and testimony being given to his client. There is no evidence in the record of the extent to which the services of an interpreter were available in the pre-trial proceedings or the attorney-client conferences in preparation for the trial, nor is there

any evidence as to whether the appellant's attorney was able to speak Spanish.

It is axiomatic that an indigent defendant who is unable to speak and understand the English language should be afforded the right to have the trial proceedings translated into his native language in order to participate effectively in his own defense, provided he makes a timely request for such assistance. In Escobar v. State, 30 Ariz. 159, 245 P. 356 (1926), we stated that if the defendant's request was improperly denied, "we shall hold a fair and impartial trial has been denied him." Escobar, supra, was followed in two later cases where requests for an interpreter were denied. Viliborghi v. State, 45 Ariz. 275, 43 P.2d 210 (1935); State v. Kabinto, 106 Ariz. 575, 480 P.2d 1 (1971). In these cases this court found no abuse of discretion by the trial court because the record disclosed appellants were able to effectively understand and communicate in English. The paucity of cases from other jurisdictions on this point are generally in accord. Suarez v. United States, 309 F.2d 709 (5th Cir. 1962); People v. Ramos, 26 N.Y.2d 272, 309 N.Y.S.2d 906, 258 N.E.2d 197 (1970); State v. Vasquez, 101 Utah 444, 121 P.2d 903 (1942); People v. Annett, 251 Cal.App.2d 858, 59 Cal.Rptr. 888 (1967), cert. denied, 390 U.S. 1029, 88 S.Ct. 1421, 20 L.Ed.2d 287 (1968).

The record in the instant case is barren of any request by either the defendant or his counsel for the assistance of an interpreter. It is the contention of the state that the failure to make such a request constitutes a waiver. We do not agree. A defendant who passively observes in a state of complete incomprehension the complex wheels of justice grind on before him can hardly be said to have satisfied the classic definition of a waiver as "the voluntary and intentional relinquishment of a known right." City of Tucson v. Koerber, 82 Ariz. 347, 313 P.2d 411 (1957); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1937).

This would be especially true with a Mexican national during his initial contact with our judicial system.

The inability of a defendant to understand the proceedings would be not only fundamentally unfair but particularly inappropriate in a state where a significant minority of the population is burdened with the handicap of being unable to effectively communicate in our national language. A defendant's inability to spontaneously understand testimony being given would undoubtedly limit his attorney's effectiveness, especially on cross-examination. It would be as though a defendant were forced to observe the proceedings from a soundproof booth or seated out of hearing at the rear of the courtroom, being able to observe but not comprehend the criminal processes whereby the state had put his freedom in jeopardy. Such a trial comes close to being an invective against an insensible object, possibly infringing upon the accused's basic "right to be present in the courtroom at every stage of his trial." Lewis v. United States, 146 U.S. 370, 13 S.Ct. 136, 36 L.Ed. 1011 (1892); Negron v. New York, 434 F.2d 386 (2d Cir. 1970).

The trial court in cases such as the instant is in the best position to determine whether a defendant possesses the requisite degree of fluency in the English language so that his right to confront witnesses, right to cross-examine those witnesses and right to competent counsel will not be abridged. Pointer v. Texas, 380 U.S. 400, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965). See also Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The decision of the trial court will be adhered to in the absence of a clear abuse of discretion. There is no evidence in the record before us to indicate the lower court made a finding on this issue.

Accordingly we remand the case in order that a hearing may be held to establish the nature and severity of any language difficulty and to determine whether

the defendant in the instant case was entitled to be informed of his right to an interpreter under the criteria discussed above.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER and HOLOHAN, JJ., concur.