539 P.2d 900

**STATE of Arizona, Appellee,**

v.

**Alberto Pena RIOS, Pedro Arau Perez and Andres Gutierrez Garcia, Appellants.**

**No. 3055.**

Supreme Court of Arizona,
In Banc.

Sept. 11, 1975.

Bruce E. Babbitt, Atty. Gen., N. Warner Lee, Former Atty. Gen., Frank T. Galati Asst. Atty. Gen., Phoenix, for appellee.

Emery E. Varga, Yuma, for appellants.

LOCKWOOD, Justice:

Appellants, Alberto Pena Rios, Pedro Arau Perez and Andres Gutierrez Garcia were found guilty by the trial court sitting without a jury of the crimes of importing marijuana and transporting marijuana and sentenced thereon. They appeal.

Two agents of the United States Border Patrol, on routine patrol along the international border saw signs that a group of aliens had crossed into the United States at a point east of the port of entry at San Luis, Arizona. The tracks of the aliens crossed a drag road which runs parallel to the United States-Mexican Border north of the international boundary.

The agents followed three sets of footprints from the border which led directly to three stashes of marijuana hidden under bushes at different sites. The agents followed the same three sets of footprints which led directly from the stashes to where the three appellants were found hiding in separate places behind bushes in the desert.

The sole issue on appeal is whether appellants were denied due process of law by the failure of the trial court to provide them with the continuous assistance of a competent interpreter during the entirety of the trial.

The appellants are indigent Mexican Nationals. At the time of trial, Emery Varga, counsel for appellants, requested the use of the court's staff to act as interpreter:

"MR. VARGA: Your Honor, the defendants do not understand English and I would appreciate the use of the Bailiff as an interpreter for them.

"THE COURT: Well, if it's necessary at the proper time, well, of course, he may interpret.

"MR. VARGA: I'd like to have him very briefly state to the defendants pertinent portions of the testimony of the witnesses as the testimony pertains to that particular defendant.

**144**

"THE COURT: I know of no provision for that, Mr. Varga."

The minute entry reads:

"Emery Varga on behalf of the defendants requests that the bailiff act as interpreter for part of the testimony and IT IS ORDERED an interpreter will be used at proper times upon request."

All police interrogations and the advising of the appellants of their rights appear to have been conducted in Spanish. It also appears from the record that the only occasion where the bailiff was used as an interpreter was during the waiver-of-jury-trial proceeding. This clearly implies that the court was aware of appellants' language difficulties even prior to the defense counsel's request for the assistance of an interpreter, although no finding was made by the trial court at any time as to the degree of English fluency possessed by the appellants.

In *State v. Natividad,* 111 Ariz. 191, 526 P.2d 730 (1974), this court held that an indigent defendant who is unable to speak and understand the English language should be afforded the right to have the trial proceedings translated into his native language in order to participate effectively in his own defense, even in the absence of a request by the defendant or his counsel. In the instant case there was such a request which was, for all practical purposes, denied.

At the time of sentencing, the trial court explained appellants' right to appeal to them stating as follows:

"Your counsel being fluent in the Spanish language will go over that with you and will explain it to you."

The fact that the defense counsel was able to speak Spanish does not negate the fact that the appellants were denied an interpreter. For defense counsel to cross-examine witnesses, listen attentively to testimony and objections of the prosecuting attorney and hear rulings and remarks of the presiding judge and simultaneously render an accurate and complete translation to his three clients, is an impossible task. The effectiveness of defense counsel under those circumstances is obviously greatly impaired to the serious detriment of his clients' defense.

"A defendant's inability to spontaneously understand testimony being given would undoubtedly limit his attorney's effectiveness, especially on cross-examination. It would be as though a defendant were forced to observe the proceedings from a soundproof booth or seated out of hearing at the rear of the courtroom, being able to observe but not comprehend the criminal processes whereby the state had put his freedom in jeopardy. Such a trial comes close to being an invective against an insensible object, possibly infringing upon the accused's basic 'right to be present in the courtroom at every stage of his trial.'" [citations omitted] *State v. Natividad,* 111 Ariz. at 194, 526 P.2d at 733.

Appellant contends that the court's bailiff lacked the necessary specialized education in Spanish and the training and experience of courtroom interpreting to properly qualify him as a competent interpreter at the trial stage of the proceedings. A.R.S. § 12–241 provides:

"12–241. Appointment; court attendance

"The court may when necessary appoint interpreters, who may be summoned in the same manner as witnesses, and shall be subject to the same penalties for disobedience."

The burden is on the appellant to show that the interpreter at the trial was deficient. *Gallegos v. Garcia,* 14 Ariz.App. 85, 480 P.2d 1002 (1971). While it is true that the defense counsel requested the services of the bailiff as an interpreter, he has called to our attention that he was informed by the presiding judge in the instant case that payment for the services of an interpreter would have to be made from defense counsel's fee as court-appointed attorney. The appointment of an interpreter

is a proper county expense, not to be deducted from the remuneration accorded court-appointed counsel.

The facts provide a reliable indication that the appellants were unable to comprehend the English language sufficiently to exercise their rights to confrontation, cross-examination and the effective assistance of counsel. They were denied the assistance of a competent interpreter.

Accordingly, this case is reversed and remanded for new trial.

STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.

CAMERON, C. J., did not participate in the determination of this matter.