ZOILA ALFONSO, APPELLANT, v. BOARD OF REVIEW,
DEPARTMENT OF LABOR AND INDUSTRY, STATE OF
NEW JERSEY AND KORVETTES, RESPONDENTS.

Superior Court of New Jersey
Appellate Division

Argued November 5, 1980—Decided December 2, 1980.

Before Judges FRITZ, POLOW and JOELSON.

*Jose E. Pardo, II*, argued the cause for appellant (*W. Marshall Prettyman*, Essex–Newark Legal Services, attorney).

*Michael J. Haas*, Deputy Attorney General, argued the cause for respondent Board of Review (*John J. Degnan*, Attorney General of New Jersey, attorney; *Michael S. Bokar*, Deputy Attorney General, of counsel; *Donna J. Kelly*, Deputy Attorney General, on the brief).

PER CURIAM.

Appellant's claim for unemployment benefits was denied at the local claims office level on the ground that she left work voluntarily without good cause attributable to such work whereby she was disqualified for benefits. *N.J.S.A.* 43:21–5(a). That determination contained explicit notice that any appeal must be in writing and must be received or postmarked within seven days after delivery of the determination. She appealed to the Appeal Tribunal. The Appeal Tribunal determined, in findings that are not here disputed, that the disqualifying determination was delivered to appellant on September 25, 1979. Inasmuch as her appeal to the Appeal Tribunal was not filed until October 5, 1979, the Appeal Tribunal dismissed the appeal on the ground that it was deprived of jurisdiction by the late filing. *N.J.S.A.* 43:21–6(b)(1); *Lowden v. Board of Review*, 78 *N.J.Super.* 467 (App.Div.1963). The Board of Review affirmed.

Appellant's argument before us is premised upon the fact that she neither speaks nor reads English and that since the notice of the determination was written in English, she did not receive sufficient notice to commence the running of the statutory time for appeal. Her arguments are framed in terms of the denial of "procedural due process rights under the Fourteenth Amendment of the United States Constitution" with the consequence that "respondent has violated 42 *U.S.C.* § 2000d and the ensuing regulations under 29 *C.F.R.* § 31.3(b)(1)(ii)(iv); (b)(6)(i)(ii)." A logical extension of appellant's argument to us is that notice

cannot be imputed to a claimant for the purpose of the statutory time period unless that person has been served with a notice written in a language which the person so served can read or, in the alternative, unless the Division causes the notice to be read to the claimant in a language which the claimant understands.

We have no doubt that either the Legislature or administrative regulation might properly and well provide for multilingual notices. But until this occurs, we also have no doubt that, given the single official–language status of this country considered in the context of the great opportunity a contrary rule would provide for procrastination or even intentional misrepresentation, imposing upon a claimant the burden of securing a translation of a notice written in English offends neither the Constitution, the Civil Rights Act nor our sense of fair play (for which read due process). *Carmona v. Sheffield*, 475 *F*.2d 738 (9 Cir. 1973); *Guerrero v. Carleson*, 9 *Cal*.3d 808, 512 *P*.2d 833, 109 *Cal.Rptr.* 201 (1973), *cert.* den. *sub nom. Guerrero v. Swoap*, 414 *U.S.* 1137, 94 *S.Ct.* 883, 38 *L.Ed.*2d 762 (1974). As is observed by a justice of the court of last resort in a state whose roots were of the Spanish culture, "[t]he United States is an English speaking country." *Guerrero, supra,* 9 *Cal.*3d at 813, 512 *P*.2d at 835, 109 *Cal.Rptr.* at 203.

Affirmed. No costs.