The **PEOPLE** of the State of Colorado, Plaintiff–Appellee,

v.

Jesus **AVILA,** Defendant–Appellant.

No. 88CA1295.

Colorado Court of Appeals, Div. III.

June 7, 1990.

Rehearing Denied July 5, 1990.

Certiorari Denied Oct. 15, 1990.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Robert M. Russel, Asst. Atty. Gen., Denver, for plaintiff-appellee.

David F. Vela, Colorado State Public Defender, Kathleen A. Lord, Deputy State Public Defender, Denver, for defendant-appellant.

Opinion by Judge TURSI.

Defendant, Jesus Avila, was charged and convicted of first degree criminal trespass and misdemeanor theft. He appeals the judgments entered upon these convictions. We affirm.

Defendant asserts that the trial court erred in failing, *sua sponte*, to administer an oath to the court-appointed interpreter and in failing to provide him with a personal interpreter throughout the entire trial.

The trial court, recognizing defendant to be indigent, Spanish-speaking, and unable to understand English, appointed a public defender to represent him and provided a Spanish-speaking interpreter to translate for him and the court. This arrangement continued during the arraignment, preliminary hearing, trial, and sentencing.

At trial, the interpreter sat at the defense table next to the defendant and, with two exceptions, translated the entire trial proceedings for the defendant. These two instances occurred when defendant and his Spanish-speaking witness testified. During their testimony, the interpreter translated from English to Spanish and from Spanish to English for the benefit of the witnesses, the jury, the court, and the attorneys. There is no challenge to the accuracy of these translations.

■ Defendant for the first time in his motion for new trial alleged that the trial court failed, *sua sponte*, to administer an oath to the court interpreter and failed to appoint a personal interpreter for the defendant to facilitate communications between him and his counsel. That motion does not contain allegations that this failure resulted in either inaccurate or insufficient interpretative support. The trial court denied the motion.

Although it was error for the court to fail to administer an oath or affirmation of true translation to the interpreter, *see* CRE 604; *COLJI-Crim.* No. 1:13 (1983), it was not plain error affecting the substantial right of the defendant. *See* Crim.P. 52(b).

Here, no objection was made at trial, no prejudice to defendant has been affirmatively shown, and the sworn testimony of the interpreter and a bilingual investigator for the public defender's office attending the trial indicates the interpreter's translation at trial was true and accurate. Hence, we find no basis for reversal. *See United States v. Perez*, 651 F.2d 268 (5th Cir.1981); *Rolon Marxuach v. United States*, 398 F.2d 548 (1st Cir.1968), *cert. denied*, 393 U.S. 982, 89 S.Ct. 454, 21 L.Ed.2d 443 (1968). *See also United States v. Odom*, 736 F.2d 104 (4th Cir.1984) (swearing of a witness is waived if point not raised during witness testimony).

■ Defendant contends that due process requires that the court provide him with a personal interpreter in addition to the official interpreter appointed to translate the proceedings for the benefit of the court, the jury, and the record. We disagree.

The use of an interpreter at a criminal proceeding to translate for an indigent defendant, unable to speak or understand English, can be imperative to the basic and fundamental fairness guaranteed by the due process clause of the Fourteenth Amendment. Without such translation, the trial is but a "babble of voices" and defendant is but an "insensible object" who passively observes in complete incomprehension. *United States ex rel. Negron v. State*, 434 F.2d 386 (2nd Cir.1970); *State v. Natividad*, 111 Ariz. 191, 526 P.2d 730 (1974).

The appointment of an interpreter is, thus, crucial to safeguarding the fundamental fairness of the trial. It enables the non-English speaking defendant to understand the trial proceedings and permits others in the courtroom to understand the defendant's testimony if he testifies. *State v. Neave*, 117 Wis.2d 359, 344 N.W.2d 181 (1984).

We doubt that any state interest or substitute procedural safeguards are sufficient to justify the denial of a contemporaneous translation of the proceedings at state expense to an indigent defendant who neither speaks nor understands English. *See United States ex rel. Negron v. State, supra.* However, the necessity of providing defendant with an additional *personal* interpreter is not as apparent.

Although personal communication with one's counsel at trial is unquestionably important, the absence of such a personal interpreter does not, in and of itself, compel the conclusion that fundamental fairness and due process will inevitably be denied.

The constitutionally guaranteed right to confront and cross-examine adverse witnesses may be hampered if the defendant is even momentarily without an interpreter and is incapable of communicating with his attorney because of a language barrier. This can happen when the proceedings interpreter is "borrowed" by the court to translate a witness' testimony. Further, the lack of an interpreter to facilitate the attorney-client communication can also impair the constitutional right to effective representation of counsel. *Cf. Cervantes v. Cox*, 350 F.2d 855 (10th Cir.1965); *Chavira Gonzales v. United States*, 314 F.2d 750 (9th Cir.1963).

All of these individual interests are significant and important, and we conclude that they should be weighed in determining the state's obligation to provide a defendant with a personal interpreter. However, here, defendant and his counsel had the assistance of a Spanish-speaking investigator assigned to the public defender's office and a court-appointed interpreter was present during the trial translating the proceedings from English to Spanish primarily for the benefit of defendant and his counsel.

The interpreter did serve as the court translator for one Spanish-speaking *defense* witness, leaving defendant without a means of communicating with his attorney (who, assumedly, was non-Spanish-speaking) during the cross-examination of that witness. The cross-examination, however, consisted of only eight short questions which were translated into Spanish and which the witness answered in Spanish. Defendant does not contend that the interpreter's short absence caused him to forgo or forget any comments he intended to communicate with his attorney.

We, therefore, conclude that the procedures followed by the trial court in the proceedings before it satisfied defendant's rights to due process. *See United States v. Lim*, 794 F.2d 469 (9th Cir.1986), *cert. denied*, 479 U.S. 937, 107 S.Ct. 416, 93 L.Ed.2d 367 (1986) (court did not abuse its discretion in borrowing the court interpreter from the defense table in order to assist a witness).

The judgment is affirmed.

METZGER and CRISWELL, JJ., concur.