36 P.3d 767

**Jose CALDERON–PALOMINO, Petitioner,**

v.

**Hon. Richard D. NICHOLS, Judge of the Superior Court of the State of Arizona, in and for the County of Pima, Respondent,**

**and**

**State of Arizona, Real Party in Interest.**

**No. 2 CA–SA 01–0107.**

Court of Appeals of Arizona, Division Two, Department B.

Dec. 20, 2001.

necessary to consider appellants' gratuitous assumption of duty argument.

420

Gregory J. Kuykendall, Paul D. Bates, Tucson, for Petitioner.

Barbara LaWall, Pima County Attorney, By Elizabeth Hurley and William Dickinson, Tucson, for Real Party in Interest.

## OPINION

HOWARD, Presiding J.

¶ 1 In this special action, petitioner Jose Calderon–Palomino contends the respondent judge abused his discretion by denying Calderon–Palomino's request to have real party in interest the State of Arizona pay for translating disclosure and court documents from English into Spanish in the underlying criminal proceeding. Although Calderon–Palomino has a remedy by appeal, we accept jurisdiction of this special action because he has presented a constitutional issue of first impression that is a matter of statewide concern and likely to recur. *Vo v. Superior Court,* 172 Ariz. 195, 198, 836 P.2d 408, 411 (App.1988). However, for the reasons stated below, we deny relief.

¶ 2 Calderon–Palomino is a Mexican citizen charged with first-degree murder. The state is seeking the death penalty. Calderon–Palomino is fluent in and reads Spanish, but neither speaks nor reads English. He has been provided with two appointed counsel, one of whom is bilingual, a bilingual investigator, and an interpreter at all hearings. The state's disclosure amounts to some 3,000 pages of documents in English. Calderon–Palomino filed a motion asking that the state be required to pay for translating all documents into Spanish at an approximate cost of $110,000. According to one estimate, it would take approximately eight months to complete the translation. The respondent judge ordered defense counsel to narrow the translation request, resulting in the defense's identification of 237 documents, totaling at least 1,595 pages.[1] The respondent judge then denied the motion, concluding Calderon–Palomino is "in the same position as every indigent Spanish speaking defendant," and finding there is "no compelling precedent."

¶ 3 In this special action, we must decide whether the respondent judge made a determination that is "arbitrary and capricious or an abuse of discretion." Ariz. R.P. Special Actions 3(c), 17B A.R.S. We will not grant special action relief if a judge reaches the right result for the wrong reason. *Special Fund/No Ins. Section v. Industrial Comm'n,* 181 Ariz. 387, 393, 891 P.2d 854, 860 (App.1994).

¶ 4 Calderon–Palomino first argues that principles of due process under the federal and state constitutions, United States Constitution Amendment XIV, § 1; Arizona Constitution, article II, § 4, require the state to provide the requested translations and that the respondent judge therefore abused his discretion by denying Calderon–Palomino's motion. No Arizona case has squarely addressed this issue. But it is well settled that due process requires that the state provide indigent defendants with "the raw materials integral to the building of an effective defense."[2] *Ake v. Oklahoma,* 470 U.S. 68,

---

1. Calderon–Palomino listed 122 documents with a total page length of 1,480 pages, and 115 documents with an undisclosed page length.

2. Calderon–Palomino does not argue that he is entitled to the translation under A.R. S. § 13–4013(B), which requires counties to pay for experts and investigators in capital cases if it is

77, 105 S.Ct. 1087, 1093, 84 L.Ed.2d 53, 62 (1985); *State v. Cornell,* 179 Ariz. 314, 320, 878 P.2d 1352, 1358 (1994); *see also State v. Bocharski,* 200 Ariz. 50, ¶ 61, 22 P.3d 43, ¶ 61 (2001) ("So long as the law permits capital sentencing, Arizona's justice system must provide adequate resources to enable indigents to defend themselves in a reasonable way."). This includes provision of adequate means for an indigent defendant "to participate effectively in his own defense." *State v. Natividad,* 111 Ariz. 191, 194, 526 P.2d 730, 733 (1974) (requiring interpreter at trial proceedings for non-English-speaking defendants).

■■ ¶ 5 Courts must carefully weigh three factors to determine whether items included within a defendant's particular request constitute integral "raw material."

> The first is the private interest that will be affected by the action of the State. The second is the governmental interest that will be affected if the [request is granted]. The third is the probable value of the [request], and the risk of an erroneous deprivation of the affected interest if [the request is not granted].

*Ake,* 470 U.S. at 77, 105 S.Ct. at 1093, 84 L.Ed.2d at 62. Arizona has articulated this test as whether the request is " 'reasonably necessary' for an indigent defendant to adequately present a defense." *Bocharski,* 200 Ariz. 50, ¶ 61, 22 P.3d 43, ¶ 61, *quoting* A.R.S. § 13–4013(B). The facts of each case determine what is "reasonably necessary" for the preparation of an indigent's defense. *Bocharski,* 200 Ariz. 50, ¶ 61, 22 P.3d 43, ¶ 61.

■■ ¶ 6 Although Calderon–Palomino unquestionably has a strong interest in actively participating in his defense to insure an accurate fact-finding process, *see Ake,* 470 U.S. at 78, 105 S.Ct. at 1093, 84 L.Ed.2d at 63, the state also has an interest in avoiding unnecessary costs and delays. And, because Calderon–Palomino has not identified how translation of any particular documents would assist him in participating in his defense, he has not established the probable value of his request or a risk that he would

reasonably necessary to do so. Accordingly, we

be erroneously deprived of his interest in participating in his defense if the bulk translations are not provided. *Id.* at 77, 105 S.Ct. at 1093, 84 L.Ed.2d at 62. In fact, Calderon–Palomino concedes that he has not shown the translations are reasonably necessary, claiming he cannot do so until the translations are provided. But, in our view, it is incumbent upon Calderon–Palomino's bilingual counsel to identify particular documents likely to yield meaningful input from Calderon–Palomino if they were translated rather than merely interpreted by bilingual counsel. The respondent judge could then determine whether translation of those documents is in fact reasonably necessary to Calderon–Palomino's defense. Because Calderon–Palomino has not shown that his blanket request for the translation of all disclosure or his more limited request for translation of 237 documents is reasonably necessary, the respondent judge did not abuse his discretion in denying Calderon–Palomino's motion on this ground.

¶ 7 *Natividad,* upon which Calderon–Palomino relies, does not compel a different result. In that case, our supreme court held that non-English-speaking, indigent defendants have a right to an interpreter at trial proceedings. 111 Ariz. at 194, 526 P.2d at 733. Although certainly analogous, *Natividad* does not address whether a blanket request for translation of an entire body of disclosure in a capital case at the state's expense without any showing that translation of the material would be reasonably necessary.

■■■ ¶ 8 Calderon–Palomino next argues that the respondent judge's denial of his motion violated his equal protection rights under the federal constitution. U.S. Const. amend. XIV, § 1. Specifically, he suggests that by being deprived of the translated materials, he is being treated differently based on his national origin.

■■ ¶ 9 State action that results in disparate treatment of persons based on a suspect classification such as race, gender, and national origin or based on a person's exercise of a fundamental right is not valid unless it survives strict scrutiny. *Wigglesworth v.*

do not address that issue.

*Mauldin,* 195 Ariz. 432, ¶ 19, 990 P.2d 26, ¶ 19 (App.1999). State action in such circumstances must be narrowly tailored to serve a compelling governmental interest. *Soos v. Superior Court,* 182 Ariz. 470, 474, 897 P.2d 1356, 1360 (App.1994). If the disparate treatment is not based on a suspect classification or a person's exercise of a fundamental right, however, that disparate treatment need only rationally relate to a legitimate governmental interest. *Wigglesworth,* 195 Ariz. 432, ¶ 19, 990 P.2d 26, ¶ 19.

¶ 10 The record here does not establish that language is a proxy for national origin. *See Flores v. State,* 904 S.W.2d 129, 130 (Tex.Crim.App.1995) (noting that "Spanish-speaking persons have many national origins"); *see also Carmona v. Sheffield,* 475 F.2d 738, 739 (9th Cir.1973) (California's decision to provide non-English-speaking unemployment benefit applicants with notices only in English reviewed for rational basis). And, as Calderon–Palomino concedes, he has no fundamental constitutional right to pretrial discovery in a criminal case. *Norgord v. State ex rel. Berning,* 201 Ariz. 228, ¶ 21, 33 P.3d 1166, ¶ 21 (App.2001). Thus, the action here is valid so long as it is rationally related to a legitimate governmental interest.

¶ 11 "The cost in time, money and administrative disruption" of providing "foreign language services" are legitimate governmental interests. *Soberal–Perez v. Schweiker,* 549 F.Supp. 1164, 1173, 1175 (E.D.N.Y.1982). *See also State v. Dickens,* 187 Ariz. 1, 9–10, 926 P.2d 468, 476–77 (1996) (court's requirement that indigent defendant spend funds granted for investigation and experts in reasonable way did not violate federal or state Equal Protection Clauses). The decision not to provide Calderon–Palomino with a Spanish translation of all disclosure documents and court documents is rationally related to those interests. Consequently, there is no equal protection violation. *See United States v. DeJesus Boria,* 518 F.2d 368, 370–71 (1st Cir.1975) (no equal protection violation when court refused to implement costly system to transcribe trial testimony in both English and Spanish; court found English only transcription constitutional).

¶ 12 Calderon–Palomino also argues that he is entitled to the translations because Rule 15.1, Ariz. R.Crim. P., 16A A.R.S., requires the state to make disclosure "to the defendant." Specifically, he argues that for the disclosure to a defendant to be meaningful, it must be made in a language the defendant can understand. Rule 15.1 does not, however, require disclosure in a language other than English. It merely requires disclosure. And, nothing in Rule 15.1 prevents disclosure to a non-English speaking defendant through his or her bilingual counsel. Thus, we cannot conclude that Rule 15.1 mandates the desired translations.

¶ 13 Calderon–Palomino next argues the state entered into a binding stipulation to provide the translations. The respondent judge, however, permitted the state to withdraw from that stipulation. Given the limited record before us, we cannot say the respondent judge abused his discretion in making that decision. *See Harsh Building Co. v. Bialac,* 22 Ariz.App. 591, 594, 529 P.2d 1185, 1188 (1975) (trial court has discretion to set aside stipulations in appropriate circumstances).

¶ 14 Calderon–Palomino finally argues the respondent judge was estopped from denying his motion because Calderon–Palomino detrimentally relied on the respondent judge's promise to order the translations if Calderon–Palomino established that he could adequately read Spanish. Even if such a promise could support Calderon–Palomino's detrimental reliance claim, the record before us does not reflect that the respondent judge clearly made any such promise. Thus, we cannot conclude the respondent judge induced any detrimental reliance. *St. Joseph's Hosp. and Med. Ctr. v. Reserve Life Ins. Co.,* 154 Ariz. 307, 317, 742 P.2d 808, 818 (1987).

¶ 15 Because Calderon–Palomino has not established that the translation of all the documents is "reasonably necessary," *Bocharski,* we cannot find that the respondent judge abused his discretion in denying Calderon–Palomino's motion and, therefore, deny special action relief. But this does not foreclose the possibility of Calderon–Palomino presenting a proper request for the trans-

lation of some documents that are "reasonably necessary."

ESPINOSA, C.J. and DRUKE, J., concurring.