NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ARMANDO CALDERON-TORRES, *Appellant.*

No. 1 CA-CR 17-0405
FILED 5-1-2018

Appeal from the Superior Court in Maricopa County
No. CR2015-137821-001
The Honorable Virginia L. Richter, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Jeffrey L. Force
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

---

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

---

**J O N E S**, Judge:

**¶1**　　　　Armando Calderon-Torres appeals his convictions and sentences for two counts of sexual conduct with a minor under fifteen years of age and two counts of molestation of a child.　After searching the entire record, Calderon-Torres's defense counsel identified no arguable question of law that is not frivolous.　Therefore, in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), defense counsel asked this Court to search the record for fundamental error. Calderon-Torres was granted an opportunity to file a supplemental brief *in propria persona* but did not do so.　After reviewing the entire record, we find no fundamental error.　Accordingly, the convictions and sentences are affirmed.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　On three separate occasions between March 2009 and March 2011, when the victim was eleven and twelve years old, Calderon-Torres masturbated the victim's penis twice, touched the victim's penis once, and made the victim touch Calderon-Torres's penis once.[1] Calderon-Torres was a close family friend of the victim's parents and was often left alone with the victim.　The victim disclosed the events to his mother in 2012.　When the victim's parents confronted Calderon-Torres, he apologized to them, and then separately to the victim, and the parents did not report the incident to the police.　After the confrontation, Calderon-Torres was still permitted to come to the house occasionally but was not allowed to be alone with the victim.

---

[1]　　　"We view the facts in the light most favorable to sustaining the convictions with all reasonable inferences resolved against the defendant." *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (quoting *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

¶3         A few years later, the victim disclosed the events to a physician, who then reported it to the police.   After Calderon-Torres refused to disclose details in a confrontation call with the victim's mother, he was interviewed at the police station in his native language, Spanish. After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 444 (1966), Calderon-Torres admitted to all four acts.  *See supra* ¶ 2.

¶4         At a five-day trial, the State presented testimony from the officers involved in the case, the victim, his mother, and a cold expert, who testified generally about child sexual abuse.[2]   The State also introduced English translations of the transcripts of both the confrontation call and Calderon-Torres's police interview.   After an unsuccessful motion for judgment of acquittal, the jury convicted Calderon-Torres of two counts of sexual conduct with a minor under fifteen years of age and two counts of molestation of a child.  For the two counts of sexual conduct with a minor, the jury made additional findings that the victim was under fifteen years of age.

¶5         The trial court sentenced Calderon-Torres as a dangerous, non-repetitive offender to twenty years' imprisonment for each count of sexual conduct with a minor (Counts 1 and 3) and seventeen years' imprisonment for each count of molestation of a child (Counts 2 and 4).  The court ordered Calderon-Torres to serve his sentences for Counts 1 and 4 concurrently, with the remaining sentences consecutive to all other counts. The court also credited him with 658 days' presentence incarceration for Counts 1 and 4.  Calderon-Torres timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[3] 13-4031, and -4033(A)(1).

## DISCUSSION

¶6         Our review of the record reveals no fundamental error.  *See Leon*, 104 Ariz. at 300 ("An exhaustive search of the record has failed to produce any prejudicial error.").  A person commits sexual conduct with a

---

[2]       "'Cold' expert testimony 'educates the trier of fact about general principles but is not tied to the particular facts of the case.'" *State v. Jacobson*, 780 Ariz. Adv. Rep. 4, *2 n.2, ¶ 5 (App. 2017) (quoting *State v. Salazar-Mercado*, 234 Ariz. 590, 595, ¶ 21 (2014)).

[3]       Absent material changes from the relevant date, we cite a statute's current version.

minor by "intentionally or knowingly engaging in sexual intercourse . . . with any person who is under eighteen years of age." A.R.S. § 13-1405(A). "Sexual intercourse," includes "masturbatory contact with the penis." A.R.S. § 13-1401(A)(4). Sexual conduct with a minor who is under fifteen years of age is a dangerous crime against children. A.R.S. § 13-705(P)(1)(e). A person commits molestation of a child by "intentionally or knowingly engaging in or causing a person to engage in sexual contact . . . with a child who is under fifteen years of age." A.R.S. § 13-1410(A). The record contains sufficient evidence upon which the jury could determine beyond a reasonable doubt that Calderon-Torres was guilty of the charged offenses.

¶7            All the proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure. So far as the record reveals, Calderon-Torres was represented by counsel at all stages of the proceedings and was present at all critical stages including the entire trial and the verdict. *See State v. Conner*, 163 Ariz. 97, 104 (1990) (right to counsel at critical stages) (citations omitted); *State v. Bohn*, 116 Ariz. 500, 503 (1977) (right to be present at critical stages). Calderon-Torres was provided an interpreter at all stages of the proceedings. *See State v. Rios*, 112 Ariz. 143, 145 (1975). The jury was properly comprised of twelve jurors, and the record shows no evidence of jury misconduct. *See* Ariz. Const. art. 2, § 23; A.R.S. § 21-102(A); Ariz. R. Crim. P. 18.1(a). The trial court properly instructed the jury on the elements of the charged offenses, the State's burden of proof, and Calderon-Torres's presumption of innocence. At sentencing, Calderon-Torres was given an opportunity to speak, and the court stated on the record the evidence and materials it considered and the factors it found in imposing the sentences. *See* Ariz. R. Crim. P. 26.9, 26.10. Additionally, the sentences are within the statutory limits.[4] *See* A.R.S. §§ 13-704(A), -705(C), (D), (M).

---

[4]        The trial court erroneously ordered the sentences for Counts 1 and 4 to be served concurrently. *See* A.R.S. § 13-705(M) (requiring a sentence for sexual conduct with a minor to run "consecutive to any other sentence imposed on the person at any time, including child molestation . . . of the same victim"). However, we lack jurisdiction to correct an illegally lenient sentence in the absence of a timely appeal or cross-appeal by the State. *State v. Dawson*, 164 Ariz. 278, 286 (1990). Moreover, because the error was in Calderon-Torres's favor, it is not fundamental. *See State v. Henderson*, 210 Ariz. 561, 567, ¶¶ 19-20 (2005) (explaining fundamental error is error that both goes to the foundation of the case and prejudices the defendant).

**CONCLUSION**

**¶8**    Calderon-Torres's convictions and sentences are affirmed.

**¶9**    Defense counsel's obligations pertaining to Calderon-Torres's representation in this appeal have ended.  Defense counsel need do no more than inform Calderon-Torres of the outcome of this appeal and his future options, unless, upon review, counsel finds an issue appropriate for submission to our supreme court by petition for review.  *State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).

**¶10**    Calderon-Torres has thirty days from the date of this decision to proceed, if he wishes, with an *in propria persona* petition for review.  *See* Ariz. R. Crim. P. 31.21.  Upon the Court's own motion, we also grant Calderon-Torres thirty days from the date of this decision to file an *in propria persona* motion for reconsideration.



AMY M. WOOD • Clerk of the Court
FILED:  AA

5