NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

ROBERTO MEDINA-MARTINEZ, *Appellant*.

No. 1 CA-CR 17-0461
FILED 11-15-2018

Appeal from the Superior Court in Maricopa County
No. CR 2015-100468-001
The Honorable George H. Foster, Jr., Judge
The Honorable Joan M. Sinclair, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Nicholas Chapman-Hushek
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Paul J. McMurdie and Judge Kent C. Cattani joined.

**C A M P B E L L**, Judge:

¶1      Roberto Medina-Martinez appeals from the following convictions: two counts of sexual conduct with a minor, two counts of molestation of a child, attempt to commit sexual conduct with a minor, and sexual abuse. Medina-Martinez argues that the superior court's denial of his repeated motions for new counsel violated his right to competent counsel and due process under the U.S. and Arizona Constitutions. Because the court acted within its discretion when denying the motions, we affirm.

**BACKGROUND**

¶2      Medina-Martinez was arrested and incarcerated in January 2015 on multiple counts related to sexual conduct with his 12-year-old step-daughter. The court found him indigent and appointed attorney Tyrone Mitchell to represent him. In the two and a half years between Medina-Martinez's arrest and trial, he made several written and oral motions for a change of counsel, the denial of which gives rise to this appeal.

¶3      Medina-Martinez first moved for new counsel in March 2015, requesting an attorney who spoke Spanish, his native language. The court addressed the motion at a pretrial conference, explaining that while the court understood Medina-Martinez might be more comfortable with a Spanish-speaking defense attorney, the court could not guarantee he would be provided one. Mitchell explained to the court that his assistant spoke Spanish, and Medina-Martinez agreed to "table the motion" twice. The court dismissed Medina-Martinez's request for new counsel after he agreed to permit Mitchell to continue representation based on Mitchell's assurances that they would meet frequently to discuss the case.

¶4      On at least six more occasions between September 2015 and April 2017, Medina-Martinez moved for new counsel, alleging that his defense attorney did not communicate with him. He claimed that Mitchell failed to provide him discovery documents, did not answer his messages, did not visit him in jail, and had effectively terminated representation. The

court routinely addressed these oral and written motions during scheduled conferences and hearings, each time allowing both Medina-Martinez and Mitchell to speak.

**¶5**        Mitchell disagreed with Medina-Martinez's characterizations and repeatedly avowed to the court that he reviewed discovery with his client, regularly held video conferences, and sent Spanish-speaking staff to meet with Medina-Martinez in person. According to Mitchell, at one point, Medina-Martinez asked him to deliver a Spanish translation of the entire case file for his review. Mitchell said he could not do so because he lacked the resources to fulfill Medina-Martinez's request. The court had already explained to Medina-Martinez a month earlier that his attorney could not send police reports—which contained information relating to the charges of child molestation—to jail for safety reasons.

**¶6**        Beginning in December 2015, some of Medina-Martinez's motions for new counsel included other allegations. Medina-Martinez asserted that his attorney had an "extreme conflict of interest," had committed ethical violations, and that "there is no client[-]attorney trust," but did not allege specific facts, other than lack of communication, to support his claims. He also seemed to suggest that the police reports and grand jury indictments were fabricated. When the court gave him the opportunity to address his motions in court, Medina-Martinez did not elaborate; he simply repeated his allegations—that there was a lack of communication between him and his attorney and that he wanted access to discovery. For example, the following interaction took place in August 2016, after Medina-Martinez moved for new counsel, alleging fabrication of evidence and ethical violations by his attorney:

> THE COURT: Okay. I did receive your motion to change counsel, sir. That's why we set the hearing today. . . . The issue that I read in your motion is essentially your concern about not seeing the discovery in this case. Is that accurate?
>
> THE DEFENDANT: Accurate.
>
> THE COURT: Okay. Is there anything else that you want to add to your motion, sir?
>
> THE DEFENDANT: Well I asked for a full discovery.
>
> THE COURT: Right. And I understand that, but I'm asking is there . . . anything else that you want to add to that motion?

THE DEFENDANT: No.

¶7        The court repeatedly denied Medina-Martinez's motions after giving both attorney and defendant time to address the allegations. At a status conference, the court noted that it "[had] no doubt" Mitchell had reviewed discovery with Medina-Martinez. Despite Medina-Martinez's repeated motions, Mitchell continued to represent him, handling plea offers and negotiating trial dates. Although anxious for his trial to begin, Medina-Martinez filed a final request for new counsel two weeks before trial. After hearing from Medina-Martinez once more, the court denied his request, citing Medina-Martinez's desire to try the case promptly, which was in direct conflict with the appointment of new counsel. Based on these conflicting goals, the court denied Medina-Martinez's request for new counsel and confirmed the trial setting two weeks later.

¶8        At trial, Mitchell engaged in his duties as defense counsel by participating in voir dire, giving an opening statement, questioning witnesses (including Medina-Martinez himself), objecting to testimony, moving for a judgment of acquittal, and giving a closing argument. The jury found Medina-Martinez guilty of six counts related to sexual abuse of a minor. After sentencing, he timely appealed. Although a different attorney represents Medina-Martinez on appeal, Mitchell has continued to handle aspects of his criminal defense as recently as April 2018.

## DISCUSSION

¶9        Medina-Martinez argues that the superior court violated his right to counsel and due process when denying his numerous requests for a change of counsel, pointing to a breakdown in the attorney-client relationship and irreconcilable differences with Mitchell. We review the superior court's decision to deny a request for new counsel for an abuse of discretion. *State v. Cromwell*, 211 Ariz. 181, 186, ¶ 27 (2005).

¶10        Criminal defendants have a right under both the federal and state constitutions to representation by competent counsel. U.S. Const. amend. VI.; Ariz. Const. art. 2, §§ 4, 24; *see also* A.R.S. § 13-114(2); Ariz. R. Crim. P. 6.1. Nevertheless, a defendant is not entitled to counsel of his choice. *Cromwell*, 211 Ariz. at 186, ¶ 28. In evaluating a motion for change of counsel, the superior court balances the defendant's rights with judicial economy and efficiency, considering factors from *State v. LaGrand*: "whether an irreconcilable conflict exists between counsel and the accused, and whether new counsel would be confronted with the same conflict; the timing of the motion; inconvenience to witnesses; the time period already

elapsed between the alleged offense and trial; the proclivity of the defendant to change counsel; and quality of counsel." 152 Ariz. 483, 486-87 (1987); *State v. Moody*, 192 Ariz. 505, 507, ¶ 11 (1998).

¶11 An irreconcilable difference between a defendant and his attorney typically requires appointment of new counsel. *Cromwell*, 211 Ariz. at 186, ¶ 29. However, the defendant must allege facts sufficient to support the belief that an irreconcilable difference exists, presenting "the clear prospect of an unfair trial." *Id.* at 186, ¶ 30. A defendant's disagreement about strategy, concern over lack of attention, or a general loss of trust in defense counsel, without more, does not constitute an irreconcilable difference. *State v. Dann*, 220 Ariz. 351, 360, ¶ 22 (2009); *State v. Paris-Sheldon*, 214 Ariz. 500, 505, ¶ 14 (App. 2007).

¶12 Here, Medina-Martinez argues that the *LaGrand* factors required the superior court to appoint him new counsel. We disagree. The bulk of Medina-Martinez's appeal and repeated motions for new counsel express frustration at what he perceived as an inattentive defense attorney. But a defendant's concern over lack of attention is not a sufficient ground for appointment of new counsel. Contrary to Medina-Martinez's allegations of abandonment, Mitchell continued his representation, engaging with the court at hearings and conferences, making requests on behalf of his client, and using his Spanish-speaking investigator to communicate with Medina-Martinez. Medina-Martinez may have preferred for Mitchell to meet with him in person at the jail to review his case, but Mitchell stated that he held several video conferences with his client, interaction comparable to an in-person visit. Each time Medina-Martinez raised this request in court with Mitchell present, his attorney responded by setting forth the actions he had taken on his client's behalf and often assured the court he would continue to expend efforts to address his client's concerns. The court analyzed the circumstances using factors set out in *LaGrand* and acted within its discretion by denying Medina-Martinez's motion for new counsel.

¶13 Medina-Martinez's other key complaint when requesting new counsel was his lack of access to discovery. Medina-Martinez also asked Mitchell to have all documents translated into Spanish. As Mitchell informed the court, his Spanish-speaking staff had communicated with Medina-Martinez regarding the details of the case, and Mitchell stated that he did not have the resources required to translate his entire file into Spanish. The court did not err in denying these requests for new counsel on this basis. *See Calderon-Palomino v. Nichols*, 201 Ariz. 419, 422-23, ¶¶ 6, 11 (App. 2001) ("The cost in time, money and administrative disruption of

providing foreign language services are legitimate government interests" and "[t]he decision not to provide [a defendant] with a Spanish translation of all disclosure documents and court documents is rationally related to those interests.") (citations omitted). Moreover, as the court explained to Medina-Martinez early on, possession of documents related to his case in jail would "put[] [Medina-Martinez's] safety at risk." Rather than giving Medina-Martinez the case file, the court reviewed Mitchell's efforts to inform Medina-Martinez of the case against him; Mitchell regularly promised to redouble his efforts. The court expressed that it found Mitchell's statements credible, acting within its discretion when it denied Medina-Martinez's motions.

¶14        The remainder of Medina-Martinez's complaints to the court were not specific enough to show the clear prospect of an unfair trial. Medina-Martinez argues several points, including his lack of trust in his attorney and that Mitchell failed to investigate his belief that police reports and grand jury indictments were fabricated. But his motions and statements to the court gave insufficient detail to allege a colorable claim of irreconcilable differences. When the court gave Medina-Martinez the opportunity to elaborate, he did not give any details related to these allegations.

¶15        Even when we view Medina-Martinez's individual complaints as a whole, we cannot say that the court erred in denying him new counsel. The superior court is in the best position to evaluate the attorney-client relationship, and it did so when it weighed Medina-Martinez's complaints against Mitchell's responses in court and his performance as Medina-Martinez's advocate. The court acted within the bounds of reason when it denied Medina-Martinez's requests for new counsel.

¶16        In his reply brief, Medina-Martinez challenges the sufficiency of the superior court's inquiry into the alleged breakdown of communication with his defense attorney. Because this argument was raised for the first time in a reply brief, we need not address it. *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007); *see* Ariz. R. Crim. P. 31.10(a), (c). However, even if we were to review on this basis, we would not disturb the superior court's ruling. Between March 2015 and May 2017, the court regularly addressed Medina-Martinez's concerns. Each time the court ruled on the motions for new counsel, Medina-Martinez either acquiesced or the court made a credibility determination by weighing Medina-Martinez's claims against Mitchell's assurances. On this record, the court acted within

its discretion by denying Medina-Martinez's repeated motions for new counsel.

## CONCLUSION

¶17      For the foregoing reasons, we affirm.



AMY M. WOOD • Clerk of the Court
FILED:  AA