480 P.2d 1002

Rosaura A. GALLEGOS, Appellant,

v.

Ramona GARCIA, individually and as executrix of the Estate of Jose Garcia, deceased, Appellees.

No. I CA–CIV 1275.

Court of Appeals of Arizona, Division 1.

Feb. 22, 1971.

Rehearing Denied April 8, 1971.

Review Denied May 19, 1971.

———————◇———————

Earl Platt, St. Johns, for appellant.

Otto Linsenmeyer, Phoenix, for appellees.

KRUCKER, Chief Judge.

This appeal is from an order of judgment below denying the appellant, who was the plaintiff below, relief on a complaint to set aside a contract of sale and conveyance

of real property as induced by fraud, to quiet title in the appellant, and to award appellant attorney's fees in the amount of $3,000. The trial court, without a jury, found for the appellees, defendants below, upon the meeting of certain conditions of the contract and the continued exercise of good faith. The appellant is the mother of the appellee, Jose A. Garcia, who died shortly after the trial of this action. The appellee, Ramona Garcia, wife of Jose A. Garcia and executrix of his estate, was substituted (in her capacity as executrix) as party defendant for the deceased defendant.

Appellant has raised three questions in this appeal:

1. Whether the two trial court interpreters were so deficient as to deny the appellant a fair trial;

2. Whether the trial court considered certain evidence (appellant concedes properly admitted for the purpose of the question of fraud) for the purpose of determination of waiver of certain of the consideration provisions of the purchase contract for the real property involved, with the result that the court's ruling went beyond the issues of the case;

3. Whether the trial court erred in ruling that the contract and deed were not the result of fraud.

The appellant was 77 years of age at the time of the trial of this case (May 15 and 16, 1969). She was living in the home of the appellees at the time she executed the contract of sale and deed to her son conveying approximately 142 acres of land (September, 1966). This land was valued at approximately $7,100. The appellant's testimony was that she didn't know what she was signing in that she couldn't read the English language. Two attorneys (other than trial counsel) testified that the contract and deed had been read in English

and Spanish to the appellant. One of these attorneys spoke Spanish. He testified that he explained these two instruments to the appellant in Spanish and that she indicated she understood his explanations. Appellant's attorney wrote appellee, Jose Garcia, and demanded he execute a deed back to appellant, in a letter dated May 21, 1968. The appellee, Jose Garcia, testified that his mother, the appellant, agreed he could forego his payments of $100 per month to her under the contract while she was living with him (Jose Garcia) and his wife. It is this amount of money that appellant contends, in her second contention, the trial judge improperly ruled the appellant was not entitled to from the appellees.

■ The first allegation made by appellant, as to deficiencies of the interpreters, is not supported by the reporters' transcripts. Counsel for the appellant appears to urge upon this court the impression that the first interpreter, used on the first day of trial, was deficient in that a different interpreter was used the second day. The burden is on the appellant to show that the interpreter was deficient. The mere changing of interpreters is not evidence of incompetency. Further, this allegation was not made until the appellant filed her motion for new trial.[1] This first allegation is without merit.

The second allegation made by the appellant is somewhat elusive. In essence, the appellant urges that the trial judge, in his ruling as to the amount of money payable by the appellees to appellant under the contract (after holding that the contract and deed were not the result of fraud) took into consideration evidence which was properly admitted for other purposes, but not for the purpose of determining the amount of payments waived, or received in another form, by the appellant. In other words, the appellant contends that the trial court improperly went beyond the issues

1. The reporter's transcript here reveals that the trial court explained in open court, on the record, that the first interpreter couldn't be present on the second day of the trial.

presented to it. Here, the trial court ruled that appellant was not entitled to payment of monthly $100 amounts called for by the contract of sale, to be paid by appellee, Jose Garcia, for the period during which the appellant lived with the appellees and for which the appellant told the appellees that she would not require these payments.

■ An action to set aside an instrument is equitable in nature. 12 C.J.S. Cancellation of Instruments § 2; Kostolansky v. Lesher, 95 Ariz. 103, 387 P.2d 804 (1963). Where equity has acquired jurisdiction for one purpose, it will retain jurisdiction to final adjustment of all differences between the parties arising from the cause of action presented. Morgan v. Board of Supervisors, 67 Ariz. 133, 192 P. 2d 236 (1948). The appellant is correct in her contention that a party cannot obtain other than what is set out by the pleadings and facts, citing Drumm v. Simer, 68 Ariz. 319, 205 P.2d 592 (1949), but here a contract and deed were sought to be set aside for fraud, and when the trial judge found and ruled, and we think properly, that there was no fraud, he is perfectly justified in specifying in writing what the rights of the parties are. To do otherwise here might lead to further litigation on the contract.

In actuality, the appellant here seems to have had her rights specified and guaranteed by judicial decree, to a greater extent than the appellees. It is therefore puzzling why the appellant has raised this question. The appellant's second contention is without merit.

The third contention is that the trial court's ruling is not supported by the evidence and is contrary to the law. Appellate courts will not disturb the findings of fact of the trial court unless they are clearly erroneous. Park Central Develop. Co. v. Roberts Dry Goods, Inc., 11 Ariz. App. 58, 461 P.2d 702 (1969); 52(a) Rules of Civil Procedure, 16 A.R.S. The findings of the trial court are binding on an appellate court if the evidence is such that it reasonably sustains them. Gillespie

Land & Irr. Co. v. Jones, 63 Ariz. 535, 164 P.2d 456 (1945). The reviewing court will not substitute its judgment for that of the trial court as to findings based on conflicting evidence. Sato v. First National Bank of Ariz., 12 Ariz.App. 263, 469 P.2d 829 (1970). The evidence in this case is such as to preclude us from disturbing the findings of the trial court.

■ As to the correctness of the trial court's ruling on the evidence, in the absence of fraud, duress, lack of capacity and undue influence, and where there is consideration, a conveyance is valid. O'Donnell v. First National Bank of Arizona, 93 Ariz. 17, 378 P.2d 244 (1963). In the instant case, the findings of the trial court were to the same effect as in the O'Donnell case, supra; that is, there was no fraud, undue influence or failure of consideration. Appellant contends that proof of a confidential relationship raises a presumption of fraud or undue influence on the part of the grantee and puts the burden of proof of the absence of same on him. Arizona law is to this effect in the area of wills where other basic facts are shown and where there is no consideration, presumably. In re Estate of Harber, 102 Ariz. 285, 428 P.2d 662 (1967). The distinction is that there is no consideration in will cases. However, the burden of proof of undue influence and fraud, and the facts prerequisite to raising presumption thereof in will cases, is upon the party attacking the instrument. In re Estate of Harber, supra. Even assuming arguendo that the appellees had the burden of proof of the absence of undue influence and fraud upon the presumption being raised, the appellees' proof here would have carried this burden. The difference between the rule relating to wills and the rule as to contracts is well-founded in the policy in favor of the sanctity of contracts, where there is adequate consideration. The contention of insufficiency of the evidence to support the decision below is without merit.

Affirmed.

**88**

HATHAWAY and HOWARD, JJ., concur.

Note: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.