645 P.2d 1254

**The STATE of Arizona, Appellee,**

v.

**Aurelio Ballesteros NAVARRO, Appellant.**

**No. 2 CA–CR 2454.**

Court of Appeals of Arizona, Division 2.

March 16, 1982.

Rehearing Denied April 28, 1982.

Review Denied June 8, 1982.

Robert K. Corbin, Atty. Gen. by William J. Schafer, III, and Clifford C. Wamacks, Phoenix, for appellee.

K. C. Stanford, Tucson, for appellant.

## OPINION

HOWARD, Chief Judge.

Appellant was convicted of aggravated assault with one non-dangerous and two dangerous prior felony convictions, as well as aggravating factors and was sentenced to a maximum term of 25 years' imprisonment. Two issues are raised on appeal: (1) Was there a failure by an interpreter to properly place the witness under oath? (2) Were the state's relevancy objections concerning the victim's prior injuries and subsequent conduct properly sustained by the trial court? We affirm.

On the evening of January 8, 1981, appellant choked Carlotta Peralta and beat her on the eyes and face with his hands. After the beating, appellant left the apartment that the two had been sharing and did not return. The victim, who had no telephone to call for help and could not see because her eyes were swollen shut, was found the next morning by her daughter and taken to the hospital where she was admitted and treated for three days. Thereafter, she underwent reconstructive plastic surgery involving an open reduction of the right cheek bone and another three-day hospitalization. Her fractured nose and left cheek bone did not require reduction. The surgeon treating Peralta testified that all of the injuries he observed and treated were fresh injuries and there was no indication of prior injury.

## THE OATH

Appellant claims a denial of due process caused by an alleged failure to place the victim under oath through an interpreter. A transcript of the proceeding reads as follows:

"MR. WILD [prosecutor]: Carlotta Peralta.

CARLOTTA PERALTA, having been first duly sworn, was examined and testified as follows:

THE COURT: Folks, Donna is the official court interpreter for the Pima County Superior Court. She is under oath and, you know, sworn to translate from English to Spanish and Spanish to English. So you are to consider her translation as evidence in this case.

MR. WILD: May I proceed, your Honor?

THE COURT: Please."

Because there is no mention of the interpreter until after the witness is sworn, appellant contends that the interpreter did not place the witness under oath in Spanish, and therefore, the witness was not sworn in a manner calculated to "awaken the conscience and impress the mind." A.R.S. § 12–2221(A); Rule 603, Arizona Rules of Evidence, 17A A.R.S. We disagree.

▊ We first note that the record does not show that the oath was not administered in Spanish. In the absence of objection, the presumption of regularity is an adequate answer to the raising of such a matter on appeal. See *Defino Martone v. United States*, 396 F.2d 229 (1st Cir. 1968); *People v. Fisher*, 223 N.Y. 459, 119 N.E. 845 (1918). In this case, the presumption would include that officers, such as official court interpreters, will do their duty, Cf. *Kingsbury v. State*, 27 Ariz. 289, 232 P. 887 (1925), rev. on other grounds, 28 Ariz. 86, 235 P. 140 (1925), and an oath will be properly administered. *State ex rel. DeBerry v. Nicholson*, 102 N.C. 465, 9 S.E. 545 (1889); *State v. Hyde*, 28 Or.App. 809, 561 P.2d 659 (1977); 58 Am.Jur.2d Oath and Affirmations § 14 (1971). In addition, irregularity in failing to swear a witness is waived where he is permitted to testify without

objection. See *State v. Embrey*, 62 N.M. 107, 305 P.2d 723 (1957); *Trammell v. Mount*, 68 Tex. 210, 4 S.W. 377 (1887); 81 Am.Jur.2d Witnesses § 414 (1976). This is because an alleged error in swearing can easily be cured if the objection is raised at the time. See *People v. Duffy*, 110 Cal. App. 631, 294 P. 496 (1930).

## RELEVANCY OBJECTION

Appellant next contends that his right to confrontation was denied when the court denied cross-examination of the victim concerning (1) the fact that two weeks after the injury, the victim went out dancing, and (2) possible beatings at an earlier time by a former husband.

▊ The right of cross-examination is included in the right of confrontation as guaranteed by the Sixth Amendment." *United States v. Norman*, 402 F.2d 73 (9th Cir. 1968), cert. den. 397 U.S. 938, 90 S.Ct. 949, 25 L.Ed.2d 119; *State v. Dunlap*, 125 Ariz. 104, 608 P.2d 41 (1980). Although the right to cross-examination is basic, it is not absolute as the trial court has discretion to limit the scope. *United States v. LaRiche*, 549 F.2d 1088 (6th Cir. 1977), cert. den. 430 U.S. 987, 97 S.Ct. 1687, 52 L.Ed.2d 383; *State v. Kalamarski*, 27 Wash.App. 787, 620 P.2d 1017 (1981). The trial court in limiting cross-examination is thus entitled to rely upon what the record before it reveals to be the relevancy of the cross-examination attempted. *State v. Taylor*, 9 Ariz.App. 290, 451 P.2d 648 (1969). Unless there has been a clear abuse of discretion and prejudice occurs, questions concerning the admissibility of evidence will not be disturbed on appeal. *Rimondi v. Briggs*, 124 Ariz. 561, 606 P.2d 412 (1980).

" 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, Arizona Rules of Evidence 17A A.R.S. Appellant claims that the fact that the victim went out dancing two weeks after the injury made it more

probable than not that the injury was not serious and therefore was of consequence to the "dangerous" charge and the "dangerous nature". By paraphrasing A.R.S. § 13–105(29), the court instructed the jury that a "serious physical injury" includes (1) a reasonable risk of death, (2) a serious impairment of health, and/or (3) loss or protracted impairment of the function of any bodily organ or limb.

In this case, the victim was in the hospital for three days, underwent surgery under a general anesthetic for a fractured cheek bone caused by a beating by appellant. The fracture created a deformity to the right side of the face which if untreated would have caused double vision, a "small eye" deformity, a flattened facial appearance and possible jaw deformity. We do not think that within the statutory definition of "serious physical injury" the victim's dancing two weeks after such an injury to the face, without any allegation of limited mobility, is relevant. Even assuming arguendo that it is, its exclusion was not prejudicial as unduly restricting defendant's right of confrontation.

We also do not agree that it was an abuse of discretion for the lower court to have ruled that it was irrelevant that the victim was allegedly beaten in the past by a previous husband, when all of the injuries offered as a basis for a finding of "serious bodily injury" were recent.

Affirmed.

HATHAWAY and BIRDSALL, JJ., concur.