891 P.2d 939

**STATE of Arizona, Appellee,**

v.

**Hilario H. MENDOZA, Appellant.**

**No. 1 CA–CR 94–0172.**

Court of Appeals of Arizona,
Division 1, Department B.

March 9, 1995.

Grant Woods, Atty. Gen. by Paul J. McMurdie, Chief Counsel, Criminal Appeals Section, J. Randall Jue, Asst. Atty. Gen., Phoenix, for appellee.

Mark Lazell, Phoenix, for appellant.

## OPINION

EHRLICH, Judge.

Hilario H. Mendoza ("defendant") appeals from his conviction and sentence for aggravated driving under the influence of liquor ("DUI"). Specifically, he requests a new trial, arguing that his rights to trial by jury and to appeal, as well as his due-process rights, were violated by the lack of a transcript of communications between a deaf juror and the court-appointed, sign-language interpreter. Because there was no constitutional error, we affirm.

### FACTS AND PROCEDURAL HISTORY

On June 13, 1994, the defendant was charged with aggravated DUI, a class 5 felony. One of the jurors approved by both parties, S.B., was deaf, and a sign-language interpreter was appointed to assist him during the trial and jury deliberations. Upon trial, the jury found the defendant guilty as charged. The court sentenced the defendant to a three-year presumptive term,[1] and the defendant timely appealed.

---

1. The sentence is consecutive to a .75–year term imposed for the violation of probation in another case. The violation was automatic upon the con-

## DISCUSSION

The defendant contends that he is entitled to a new trial because the lack of a transcribed record of the interpreter-juror communications constituted a violation of his right to a jury trial, right to appeal and his right to due process. Having reviewed the record presented to this court, we find no evidence of the defendant having either prior to or during the trial requested or objected to the lack of a transcript of the communications between the interpreter and S.B. Indeed, the first mention of the issue came in the pleadings on the defendant's motion to vacate judgment, Ariz.R.Crim.P. 24.2, in which the defendant admitted his failure to object.

In *State v. Marcham*, 160 Ariz. 52, 55, 770 P.2d 356, 359 (App.1988), this court, in examining whether the trial court erred in seating a deaf juror, announced:

> Given the expressed legislative intent in this state to eliminate discrimination based on handicaps, including deafness, ... it would be anomalous for this court to reverse defendant's conviction because a deaf person who utilized an interpreter at trial was seated on a jury. Under the facts in this case, where a defendant failed to raise any objection to the juror's possible disqualifications, we find that he has waived the right to raise this issue for the first time on appeal.

We believe that the reasoning in *Marcham* is equally applicable here. The defendant's failure to object at trial to the lack of a transcript of the communications between S.B. and the interpreter constitutes a waiver of the issue on appeal. *Id.; cf. State v. Anderson*, 174 Ariz. 431, 433, 850 P.2d 669, 671 (1993) (failure to object at trial waives right to challenge issue on appeal).

Our determination that the defendant waived this issue by failing to object at trial is, admittedly, predicated upon an incomplete record, which necessitates some further discussion particularly in light of our charge, pursuant to Ariz.Rev.Stat.Ann. section 13–4035, to review the record for fundamental error.

Twice this court issued an order indicating that the trial court reporters had, pursuant to Arizona Rule of Criminal Procedure 31.8(d)(2), advised the court that no arrangements by the defendant had been made for the preparation of the trial transcript, and directing counsel for the defendant to make such arrangements and to file a written notice of the completion of the record. When the notice was received, the record still did not include the transcript for the day S.B. was seated and when any discussion regarding the interpreter was held. It is the defendant's duty, as the party seeking relief, to prepare the record in such a manner as to allow the appellate court to pass upon the questions raised on appeal. *State v. Printz*, 125 Ariz. 300, 304, 609 P.2d 570, 574 (1980). When matters are not included in the record on appeal, the missing portion of the record is presumed to support the decision of the trial court. *State v. Zuck*, 134 Ariz. 509, 513, 658 P.2d 162, 166 (1982). As a consequence, when a non-indigent criminal appellant fails to arrange and pay for transcripts, or other portions of the record, the excluded material cannot be subject to fundamental-error review.

This determination accords with the rules of criminal procedure. Arizona Rules of Criminal Procedure 31.8(a)(2)(i) and (b)(3) permit appellants, "[w]ithin 5 days after filing of the notice of appeal," to delete any portions of the record "deem[ed] unnecessary". Mandating that non-indigent criminal appellants supply the entire record for the purposes of conducting a fundamental error review would undermine these rules and foist an expense upon these appellants.

In the present case, the incomplete record permits our conclusion that the defendant waived the issue on appeal because the record includes the defendant's Motion to Vacate Judgment, which was predicated upon the lack of a transcript between S.B. and the interpreter, the state's response and the defendant's reply. In the reply, counsel admitted his "inadvertence in not objecting to the lack of an 'interpreter for the interpreter'". Counsel's admission is sufficient to support

viction in this case. Ariz.Rev.Stat.Ann. § 13– 604.02(B).

our decision that the defendant waived this issue on appeal.

 Even had the defendant preserved the issue for appeal, relief is precluded by well-established precepts regarding court interpreters. First, an interpreter's qualifications are "subject to proper inquiry" by the parties. *State v. Burris,* 131 Ariz. 563, 569, 643 P.2d 8, 14 (App.1982). Second, the determination whether an interpreter is qualified is one left to the sound discretion of the trial court. *Id.* Third, it is presumed that court interpreters will correctly carry out their duties and that oaths will be properly administered. *State v. Navarro,* 132 Ariz. 340, 342, 645 P.2d 1254, 1256 (App.1982); *accord Marcham,* 160 Ariz. at 53, 770 P.2d at 357. This presumption is predicated upon the application of Arizona Rule of Evidence 604 which states that "[a]n interpreter is subject to the provisions of these rules relating to qualification as an expert and the administration of an oath or affirmation to make a true translation." Fourth, absent an objection, "the presumption of regularity is an adequate answer to the raising of such a matter on appeal." *Navarro,* 132 Ariz. at 342, 645 P.2d at 1256. Fifth, and finally, the burden rests with the defendant to show that he was somehow denied a fair trial by the interpreter's deficiencies. *Gallegos v. Garcia,* 14 Ariz.App. 85, 86, 480 P.2d 1002, 1003 (1971).

While the case at bar is distinguishable from the above-cited cases because it does not involve, as in *Burris* and *Gallegos,* the actual qualifications of the interpreter or, as in *Navarro,* the alleged failure of the interpreter to adequately administer an oath, it raises a similar type of challenge to the presumptive regularity and integrity of court interpreters. As a result, the rules and presumptions outlined above find ready application here.

 The defendant points to no evidence that the sign-language interpreter was unqualified to perform her duties or that she erred in interpreting the events and testimony at trial. Moreover, as was said above, the record is devoid of any indication that the defendant ever objected to the interpreter's translation or to the fact that a transcript of those communications was not being made. Given the dearth of evidence, we presume that the interpreter properly and correctly interpreted for S.B. Additionally, the lack of evidence questioning the interpreter's conduct or abilities fails to demonstrate that the trial court abused its discretion in the appointment. In short, neither the defendant's right to a jury trial, his right to appellate review nor his due-process rights were violated by the lack of a transcript of the communications between S.B. and the interpreter.

### CONCLUSION

We have reviewed the record before us for other fundamental error and have found none.[2] For the foregoing reasons, the defendant's conviction and sentence are affirmed.

LANKFORD, P.J., and TOCI, J., concur.

---

2. Our decision renders unnecessary the consideration of the defendant's claims pertaining to the federal and state court-reporter statutes.