STATE of Utah, Plaintiff and Appellee,

v.

Kan Ting FUNG, Defendant and Appellant.

No. 950262–CA.

Court of Appeals of Utah.

Dec. 7, 1995.

tion of the statute at issue here.

Michael Jewell and Margaret P. Lindsay, Provo, for Appellant.

James H. Beadles and Jan Graham, Salt Lake City, for Appellee.

Before DAVIS, BILLINGS and WILKINS, JJ.

## OPINION

BILLINGS, Judge:

Defendant, Kan Ting Fung, was convicted of issuing bad checks, a second degree felony, in violation of Utah Code Ann. § 76–6–505 (1995). Defendant appeals claiming the trial court's appointment of an interpreter prejudiced him. We affirm.

## FACTS

Defendant was convicted by a jury of writing checks, totaling $1799.93, to ZCMI on a closed account. Defendant's driver license number was on the checks, and ZCMI employees identified him as the person who wrote the checks. Defendant speaks Cantonese and has a limited understanding of English. Accordingly, the trial court appointed an interpreter, Kim–Fai Chan, a native speaker of Cantonese and teacher of English as a second language. Defendant objected to Chan's appointment because Chan was a social worker employed by Utah County and had no experience in court translation. De-fendant later provided the trial court with the name of a Cantonese interpreter, employed by the Utah Supreme Court library, who was experienced in court translation. The court did not accept defendant's choice because of the interpreter's expense and unavailability the week of the trial.

Defendant renewed his objection to Chan the morning of the trial. The trial judge then questioned Chan in his chambers. Although Chan acknowledged there may be some legal terms for which he might not know the direct Cantonese translation, the court found that Chan understood the court system adequately to perform the required duties. The court instructed Chan to alert the court if at any time during the proceedings he had difficulty translating a word or phrase. During trial, Chan never requested the court's assistance.

The jury convicted defendant, who now appeals. The sole issue on appeal is whether the court abused its discretion in the appointment of Chan as an interpreter.

## APPOINTMENT OF INTERPRETER

Defendant argues that he was prejudiced when the trial court allowed Chan to act as the interpreter even though Chan admitted he may not know the direct Cantonese translation of some legal terms. He further asserts that Chan was biased because he worked for Utah County. The State responds that regardless of Chan's statement, defendant has failed to identify any deficient, prejudicial performance during the proceedings, or demonstrate any actual bias.

A trial court's authority to choose an interpreter is an issue of first impression in Utah. The Utah Code of Judicial Administration grants the trial court discretion to determine whether an interpreter has met certain minimum requirements. The rule states that "[c]ourts shall appoint interpreters from a list of certified interpreters prepared by the administrative office or the court shall appoint an interpreter after ascertaining that he/she has met ... [certain] minimum requirements." Utah Code Jud.Admin. R3–306(1)(B) (1995). These requirements include "(i) an understanding of the terms used

in court proceedings; (ii) an ability to explain these terms in the English language and the foreign language which will be used; and (iii) an ability to interpret these terms into the foreign language being used." *Id.* R3–306(1)(A).

■ As a general rule in other states and in the federal court system, a trial court's appointment of an interpreter is subject to reversal only for an abuse of discretion. *See, e.g., United States v. Sanchez,* 928 F.2d 1450, 1455 (6th Cir.1991); *Chee v. United States,* 449 F.2d 747, 748 (9th Cir.1971); *Lujan v. United States,* 209 F.2d 190, 192 (10th Cir.1953); *State v. Mendoza,* 181 Ariz. 472, 891 P.2d 939, 942 (Ct.App.1995); *Kitchens v. State,* 198 Ga.App. 284, 401 S.E.2d 552, 553 (1991); *State v. Van Pham,* 234 Kan. 649, 675 P.2d 848, 858–61 (1984); *State v. Givens,* 719 S.W.2d 25, 27 (Mo.Ct.App.1986); *State v. Van Tran,* 864 S.W.2d 465, 475 n. 3 (Tenn. 1993); *Casciato v. Rennick,* 380 P.2d 122, 123 (Wyo.1963). Therefore, we review the trial court's choice of an interpreter under an abuse of discretion standard. Further, "the burden rests with the defendant to show that he was somehow denied a fair trial by the interpreter's deficiencies." *Mendoza,* 891 P.2d at 942.

### A. Adequate Ability to Interpret Legal Terms

■ The trial court found that Chan had an adequate understanding of the court system to understand the terms used in court proceedings and to explain the terms to defendant. Further, the court instructed Chan to alert the court if he had difficulty understanding or translating any legal term during the trial.

This approach has been approved in other jurisdictions. For example, in *State v. Woo Won Choi,* 55 Wash.App. 895, 781 P.2d 505, 508 (1989) the trial court did not initially appoint an interpreter even though there was some indication that defendant had a prob-

lem with English. Rather, the trial court allowed the trial to proceed and informed defendant's counsel that if at any point the defendant became confused or needed an interpreter to alert the court. The appellate court found no error in the trial court's actions. *Id.* 781 P.2d at 509.

Furthermore, "[c]ourts have recognized that words in one language may not be capable of exact translation into another language, and it is therefore impossible in certain circumstances for an interpreter to convey the precise language." *State v. Casipe,* 5 Haw.App. 210, 686 P.2d 28, 33 (1984). In fact, courts have held that "[a]lthough an interpreter may have encountered some difficulties translating the testimony, those difficulties, without more, are not sufficient to rebut the presumption" that "an interpreter in the course of performing his official duties has acted regularly." *Id.*

Defendant has not argued that he had problems understanding the proceedings as presented through Chan's translations. More specifically, defendant fails to identify any point in the proceeding where Chan erred in interpreting testimony or legal terms. During the trial, defendant never indicated he was having trouble understanding the proceedings or in any way alerted the court to problems. Based upon the record, defendant has failed to demonstrate that the trial court abused its discretion in determining Chan had an adequate understanding of court proceedings, English, and Cantonese to aid defendant adequately at trial.[1]

### B. Bias

■ Defendant also contends that Chan was biased because of his employment as a social worker with Utah County. Neither Utah's Code of Judicial Administration nor Utah's courts have spoken to the issue of bias or prejudice of an interpreter. Thus, we look to the case law of other states, which we find to be uniform in analysis and reasonable in application.

---

1. We are cognizant that it may be difficult to meet the burdens imposed by this opinion since the words spoken by the interpreter are not of record. Defendant's argument, however, does not squarely address this problem but is simply an assertion that his interpreter would have been better than the one appointed by the court. There is nothing of record suggesting this is the case. Further, the record does not substantiate that defendant made any effort to preserve the interpretation or call any alleged problem to the attention of the trial court.

Although courts have held that trial courts should appoint the least biased interpreter available, *Kley v. Abell,* 483 S.W.2d 625, 628 (Mo.Ct.App.1972), bias is usually defined as an interest in the outcome of the case or a personal connection to the crime being prosecuted. *State v. Bell,* 57 Wash.App. 447, 788 P.2d 1109, 1114 (1990).

Courts have routinely allowed government employees to serve as interpreters in criminal cases, including police officers and employees of the district attorney's office. *See Bell,* 788 P.2d at 1113–14 (allowing victim's advocate for police department as interpreter); *Hooks v. State,* 534 So.2d 329, 356 (Ala. 1987) (allowing employee of district attorney's office to act as interpreter); *State v. Coria,* 39 Or.App. 507, 592 P.2d 1057, 1059 (1979) (allowing police officer who did initial questioning of defendant to be defendant's interpreter); *LaCount v. State,* 237 Ga. 181, 227 S.E.2d 31, 33 (1976) (allowing police officer as interpreter); *State v. Torres,* 18 Ill. App.3d 921, 310 N.E.2d 780, 784 (1974) (allowing police officer employed by State Attorney as interpreter).[2]

Chan, a social worker for Utah County, had no interest in the outcome of this case. Chan's position with the county is in no way related to the prosecution of defendant, and his position with the county would not improve as a result of defendant's conviction.

Moreover, defendant has not alleged any specific instances of prejudice resulting from Chan's employment relationship with the government. Under defendant's argument that Chan is biased merely because he is a government employee, defendant's proposed alternative interpreter, who is also employed by the state, would likewise be biased. In sum, defendant has failed to demonstrate actual bias.

## CONCLUSION

 We hold the trial court did not abuse its discretion in appointing Chan as an interpreter. In a challenge to that appointment, the burden rests squarely upon defendant to show either that the trial court's choice of an interpreter prejudiced him or that the interpreter was biased. This, defendant has not done. Therefore, we uphold the trial court's appointment of an interpreter and affirm defendant's conviction.

DAVIS, Associate P.J., and WILKINS, J., concur.

---

**2.** In contrast, courts have found bias where the trial court allowed the co-defendant of the accused to act on behalf of the accused, *State v. Tamez,* 506 So.2d 531, 533 (La.Ct.App.1987), or allowed a witness's friend who was involved in the incident in question and possibly guilty of some wrongdoing to act as interpreter, *People v. Allen,* 22 Ill.App.3d 800, 317 N.E.2d 633, 635 (1974).