212 P.3d 38

**In re MH 2007–001895.**

**No. 1 CA–MH 08–0006.**

Court of Appeals of Arizona, Division 1, Department E.

Feb. 10, 2009.

---

James J. Haas, Maricopa County Public Defender By Tennie B. Martin, Deputy Public Defender, Phoenix, Attorneys for Appellant.

Andrew P. Thomas, Maricopa County Attorney By Anne C. Longo, Deputy County Attorney and Roberto Pulver, Deputy County Attorney, Phoenix, Attorneys for Appellee.

## OPINION

KESSLER, Judge.

¶ 1 Appellant, L.R., appeals the decision of the superior court finding that as a result of a mental disorder she was persistently and acutely disabled and in need of psychiatric

treatment as ordered by the court. Appellant argues that she was denied due process and a fair hearing because of the interpretation services she received at her hearing. She argues the interpreter provided at the hearing was not sufficiently qualified to interpret and there is no way to determine if there was a continuous simultaneous interpretation of the testimony. We affirm because Appellant received adequate interpretation services for her hearing even though the interpreter was not court-certified and Appellant was not denied due process or a fair hearing.

## PROCEDURAL HISTORY

¶ 2 This appeal arises from a petition for court-ordered treatment for Appellant. Appellant appeared with counsel at a mental health evaluation hearing in the superior court. The court ruled that Appellant was persistently and acutely disabled and in need of psychiatric treatment. It ordered combined inpatient and outpatient treatment not to exceed a period of 365 days, with the period of inpatient treatment not to exceed a total of 180 days. Appellant timely appealed. This Court has jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") sections 12–2101(K)(1) (2003) and 36–546.01 (2003).

## STATEMENT OF FACTS

¶ 3 Prior to the mental health evaluation hearing, the court ordered a Spanish interpreter from Court Interpretation and Translation Services to provide translation services for Appellant in this matter. On the morning the hearing was to take place, there was no interpreter in the courtroom. As a result, the hearing was moved to the afternoon to allow time for an interpreter to arrive. When the court resumed in the afternoon it announced that it would be using an interpreter from Language Line[1] who would translate via speaker phone.

¶ 4 Appellant objected to the use of the Language Line interpreter on three different grounds. First, Appellant's counsel argued

that the use of a speaker phone might be confusing to the Appellant, who had allegedly been having auditory hallucinations in the past. Appellant's counsel expressed concern over a "disembodied voice" that would require Appellant to "hear voices." The court then directed the interpreter to explain to Appellant that the interpreter was a *person* on the telephone and he overruled the objection.

¶ 5 Second, Appellant argued that using an interpreter over the phone would not allow for Appellant and Appellant's counsel to converse privately if necessary. The court indicated that if such a conversation were necessary, Appellant's counsel could ask for a recess to speak with Appellant. Appellant appears to have acquiesced to this proposed arrangement.

¶ 6 Third, Appellant addressed concerns about the qualifications of the Language Line interpreter at the hearing. Appellant noted that there was a difference between being a court-qualified interpreter as provided by Language Line such as the interpreter in this case, and an interpreter who is court-certified. The Commissioner indicated that he believed the use of the Language Line interpreter was authorized by Maricopa County and also asked Appellant's counsel if she was aware of any administrative order or law that would prohibit the use of the interpreter. Appellant's counsel responded that she was not. Appellant asked the interpreter questions about her qualifications. The interpreter indicated that she was court-qualified by virtue of having completed twelve hours of training by Language Line. The interpreter also indicated that she had translated in twelve different court proceedings that included "hearings, small hearings … et cetera." The court permitted the interpreter to provide services for the hearing.

¶ 7 Finally, there were several instances throughout the course of the hearing when the interpreter requested that participants speak up or repeat what was said so that she could provide a translation to Appellant. During these requests, the hearing transcript

---

1. Language Line Services is a language resource company that provides telephonic translation services to a wide variety of private and public

interests. Language Line Services, http://www.languageline.com (last visited Oct. 30, 2008).

indicates that there were words or phrases that were "indiscernible."

## ANALYSIS

### Issues Presented

¶ 8 Appellant argues that her due process rights and right to a fair mental health evaluation hearing were violated. First, Appellant argues that the interpreter at the hearing was not sufficiently qualified to interpret. Second, she argues that portions of the recorded transcript indicate there is no way to know that she received a continuous simultaneous interpretation of the hearing.

### The Interpreter Was Qualified to Interpret at the Hearing

■ ¶ 9 Appellant claims that the court-appointed interpreter was not sufficiently qualified. Under Arizona law, the "determination whether an interpreter is qualified is one left to the sound discretion of the trial court." *State v. Mendoza,* 181 Ariz. 472, 475, 891 P.2d 939, 942 (App.1995). As such, this Court "will not reverse the trial court unless there is a clear abuse of discretion." *Grant v. Ariz. Pub. Serv. Co.,* 133 Ariz. 434, 455, 652 P.2d 507, 528 (1982) (holding that an abuse of discretion may occur when there is an error in law when reaching a discretionary conclusion or that a discretionary conclusion was reached without considering the evidence).

■ ¶ 10 A.R.S. § 12–241 (2003) provides, "The court may when necessary appoint interpreters, who may be summoned in the same manner as witnesses, and shall be subject to the same penalties for disobedience." This rule must be read in conjunction with Arizona Rule of Evidence 604, requiring an interpreter to be qualified just as any other expert witness, and Rule 702, identifying the qualifications necessary for expert witnesses.

As a result, an interpreter's qualifications are "subject to proper inquiry" by the parties. *Mendoza,* 181 Ariz. at 475, 891 P.2d at 942, *quoting State v. Burris,* 131 Ariz. 563, 569, 643 P.2d 8, 14 (App.1982).

■ ¶ 11 At trial, Appellant's counsel raised the issue of whether the interpreter's qualifications were sufficient because she was only "court-qualified" as opposed to "court-certified." Appellant also objected that the interpreter was not physically present at the hearing.[2] After voicing these concerns and objections, Appellant's counsel inquired into the qualifications of the interpreter.

■ ¶ 12 Under *Mendoza,* the burden is on Appellant to show that an interpreter was somehow deficient resulting in an unfair hearing. 181 Ariz. at 475, 891 P.2d at 942. At trial and on appeal, Appellant argues that the interpreter was unqualified because she was only "court-qualified" as opposed to "court-certified" and had only translated in limited court proceedings in the past. Appellant fails to provide any statute or case law that requires an interpreter to be "court-certified" or have met a minimum time requirement translating in previous court proceedings. *See State ex rel. Thomas v. Blakey,* 211 Ariz. 124, 129 n. 7, ¶ 20, 118 P.3d 639, 644 n. 7 (App.2005) (alleging that interpreter needed to be court-certified, but appellant failed to provide legal authority in support of the proposition). In this instance Appellant has failed to support her argument on appeal and her argument is deemed to have been abandoned. *See State Farm Mut. Auto. Ins. Co. v. Novak,* 167 Ariz. 363, 370, 807 P.2d 531, 538 (App.1990) (holding legal issues are deemed abandoned if they are not supported by citation of authority). Accordingly, we affirm the lower court's holding that the interpreter was qualified.[3]

---

2. Though not addressed on appeal, the trial court overruled this objection appropriately. Telephonic testimony is not prohibited at a mental health hearing. *In re MH 2004–001987,* 211 Ariz. 255, 260–61, ¶ 24, 120 P.3d 210, 215–16 (App.2005). Interpreters as expert witnesses, Ariz. R. Evid., Rule 604, can provide their services telephonically as well. *See MH 2004–001987,* 211 Ariz. at 258–60, 120 P.3d at 213–15.

3. As a matter of public policy, prohibiting qualified telephonic interpretation services may hinder the ability of the court system to function efficiently. Rural counties may particularly be subject to difficulties when dealing with citizens with limited English abilities. *Cf.* Administrative Order No.2004–002, Maricopa County Superior Court (allowing the Justices of the Peace to use qualified interpreters in person or by phone).

¶ 13 Further, even though the burden lies with Appellant to support her argument, we have searched for administrative orders and rules that may suggest differences between and qualifications for "court-certified" and "court-qualified" interpreters. Having found none, A.R.S. § 12–241 is controlling and whether a person is qualified to interpret in a matter is a decision that rests "within the discretion of the trial court." *Burris*, 131 Ariz. at 569, 643 P.2d at 14. We hold that the court did not abuse its discretion in determining that the Language Line interpreter was qualified to translate.

### Failure to Provide a Continuous Simultaneous Translation

¶ 14 Appellant argues for the first time on appeal that her due process rights were violated because she failed to receive a continuous simultaneous translation. *See State v. Rios*, 112 Ariz. 143, 143–45, 539 P.2d 900, 900–02, (1975) (holding that failure to provide an individual with "continuous assistance of a competent interpreter" during the entirety of trial may be a violation of due process).

■ ¶ 15 Typically, legal issues and arguments have to be presented specifically to the trial court, and cannot be argued for the first time on appeal. *See, e.g., McDowell Mountain Ranch Land Coalition v. Vizcaino*, 190 Ariz. 1, 5, 945 P.2d 312, 316 (1997); *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 503, 733 P.2d 1073, 1086 (1987) (holding issues not raised until petition for review are not considered). If Appellant was unable to hear or understand the hearing's proceedings, due to a lack of continuous simultaneous translation, then it is Appellant's counsel's duty to notify the trial court of such circumstances. *See Escobar v. State*, 30 Ariz. 159, 169, 245 P. 356, 359 (1926) (holding that

Appellant's counsel has an obligation to their non-English speaking client to determine whether the client understands the proceedings). Neither the Appellant nor her counsel provided the trial court with this information or made an objection in this regard. Appellant's counsel does not contend that she did not understand Spanish to properly object in the trial court. Thus, there is no indication that Appellant could not have objected in the trial court and the presumption must be that all parties were able to hear and understand the proceedings and that the interpreter made a "true translation" pursuant to Arizona Rule of Evidence 604.[4] Therefore, we hold that Appellant's objection that she did not receive a continuous simultaneous translation was waived.

■ ¶ 16 Even if Appellant had not waived her objection that she did not receive a continuous simultaneous translation, the record does not support her position. Appellant argues that the interpreter requesting parties at the hearing to speak up or repeat themselves led to portions of the transcript with words or phrases that were "indiscernible," showing that there was no way to know if Appellant heard everything that the interpreter was saying. This is not the case.

¶ 17 The interpreter's requests for parties to speak up and repeat themselves only indicate that at times the interpreter could not hear what was being said. It does not show that the parties or the court could not hear the interpreter. Further, there is no indication that the volume of the parties speaking was not corrected sufficiently for the interpreter to hear what the parties were saying and make a continuous translation for the duration of the hearing.[5]

¶ 18 Moreover, the minute entry from the date of the hearing indicates that a record

---

4. If, of course, the only person who was bilingual in the trial court was the translator, we would not hold that a failure to object in the trial court to the lack of a proper translation amounted to a waiver for purposes of appeal. However, Appellant does not argue on appeal that the transcript, when compared to the trial court recording, shows that the translation itself was faulty. Rather she only contends that the transcript reflects that certain words or phrases were indiscernible, an issue we deal with separately.

5. Appellant argues *State v. Hansen*, 146 Ariz. 226, 232, 705 P.2d 466, 472 (App.1985), to support its position that the interpreter failed to provide continuous translation. *Hansen* is distinguishable and not applicable here. In *Hansen*, only particular portions and questions of court proceedings were translated giving rise to inadequacies. *Id.* at 228–29, 232, 705 P.2d at 468–69, 472. In the present case, the record indicates that the interpreter translated the hearing in its entirety and therefore a continuous translation was provided.

was "made by audio and/or videotape in lieu of a court reporter." Accordingly, portions of the transcript indicating that words or phrases were "indiscernible" only reflect what the individual who transcribed the hearing heard from the recording. If there was any dispute or a controversy over what was said or heard it is the responsibility of Appellant to correct the record in the lower court. Ariz. R. Civ.App. P. Rule 11(e). Appellant did not attempt to clarify the transcript with the lower court and we are not inclined to read more into the transcript than is provided. Therefore, we affirm the lower court's holding. *See Matter of Mental Health Case No. MH 94–00592*, 182 Ariz. 440, 443, 897 P.2d 742, 745 (App.1995) (a trial court's findings of fact "will not be set aside unless they are clearly erroneous or unsupported by any credible evidence").

## CONCLUSION

¶ 19 Appellant received adequate interpretation services for the duration of her mental health evaluation hearing and as a result there was no violation of her due process rights or right to a fair hearing. We affirm the judgment of the superior court.

CONCURRING: PATRICIA K. NORRIS, Presiding Judge and JOHN C. GEMMILL, Judge.