NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

DAVID ALAN CROSS, *Appellant.*

No. 1 CA-CR 15-0112
FILED 5-31-2016

Appeal from the Superior Court in Maricopa County
No.  CR2013-456885-001
The Honorable Erin Otis, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Jillian Francis
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Christopher V. Johns
*Counsel for Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

J O N E S, Judge:

¶1        David Cross appeals his convictions and sentences for one count each of possession of a dangerous drug and possession of drug paraphernalia, arguing reversible error based upon the prosecutor's remarks during her closing and rebuttal arguments at trial.  For the following reasons, we affirm.

### FACTS[1] AND PROCEDURAL HISTORY

¶2        In the early morning hours of February 12, 2013, a Scottsdale police officer initiated a traffic stop of a vehicle with a nonoperational headlight, which she had observed leave a Wal-Mart parking lot "making jerking movements as it was driving" and an illegal turn.  The officer made contact with the driver, later identified as Cross, and two passengers, Shauna D. and Kelly A.  According to the officer, Cross acted "fidgety" and, when asked for identification, provided a credit card instead.  Based upon her observations, the officer believed Cross to be under the influence of methamphetamine.

¶3        Cross's erratic behavior, "jitteriness and inability to stand still" prevented him from completing field sobriety tests, but he consented to a search of the vehicle.  The search revealed a "makeshift pipe or bong of some kind [and] plastic tubing" in a grocery bag sitting on a black backpack, in the trunk, next to a laundry basket belonging to Shauna.  The pipe appeared to have been used recently and contained methamphetamine residue.

¶4        Neither Shauna nor Kelly claimed ownership of the pipe. After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S.

---

[1]      We view the facts in the light most favorable to upholding the verdict and resolve all reasonable inferences against the defendant.  *State v. Harm*, 236 Ariz. 402, 404 n.2, ¶ 2 (App. 2015) (citing *State v. Valencia*, 186 Ariz. 493, 495 (App. 1996)).

436, 444 (1966), Cross admitted the pipe was his, he had last used it six or seven hours prior to the interview, and the pipe probably contained his fingerprints. He was arrested and charged with one count each of possession of a dangerous drug and possession of drug paraphernalia.

¶5 At trial, Cross testified in his own defense, explaining Shauna had placed her personal items in the trunk after retrieving them from her ex-husband's home. Cross and Shauna then visited friends, Phillip E. and Kelly, and then left with Kelly to do some shopping at Wal-Mart. Cross testified he gave the officer permission to search his vehicle because he was confident it did not contain any illegal items. When the officer first confronted Cross about the pipe, Cross stated it belonged to a friend, but when the officers threatened to take Shauna into custody, he claimed ownership of the pipe to "protect" her. At trial, Cross testified the pipe actually belonged to Shauna.

¶6 During his testimony, Cross admitted he had smoked methamphetamine in the past but preferred to use a different sort of pipe than was found in his trunk. He also testified the pipe found in his trunk was decorated in a feminine manner and looked like something Shauna, who enjoyed glass blowing as a hobby, would make.

¶7 Cross did not call Shauna as a witness because, prior to trial, the trial court excused her from testifying after she invoked her Fifth Amendment privilege against self-incrimination and the court determined she could not provide any relevant information without violating that right. *See State v. Mills*, 196 Ariz. 269, 276, ¶ 31 (App. 1999) ("If the witness validly asserts his Fifth Amendment privilege by showing 'a reasonable ground to apprehend danger to the witness from his being compelled to answer,' . . . the defendant's right to compulsory process must yield to the witness's privilege not to incriminate himself.") (quoting *United States v. Melchor Moreno*, 536 F.2d 1042, 1046 (5th Cir. 1976)) (citations omitted). During her closing, the prosecutor, who is not the State's counsel on appeal, made the following argument, with which Cross now takes issue, calling attention to Shauna's absence:

> All three of the officers that testified, their testimony corroborated one another. They all viewed the defendant's jittery, erratic movement. They all confirmed that the bong was found in the trunk. And all their statements fit together to corroborate what happened that night.

And again, like I said, while the State welcomes the burden, the defendant chose to put on evidence. And so now the State asks you, where are these other people that he was involved with that night?

. . .

Where are the other people that the defendant was involved with that night? Where is Kelly A[.]? Where is . . . his sick friend, that he was with, rather than smoking methamphetamine like he told the officer? Where is Shauna . . .? The defendant has the same subpoena power as the State. They can bring anyone into court that they want and have them testify on their behalf.

If he really was hanging out and watching movies rather than smoking methamphetamine, if he really did just go to Walmart to get dog food for this Kelly character, where are they? Where are they to corroborate his story?

The only thing that the defendant has to offer you is his own words, and we've already heard that the defendant, based on the law that you are provided, should not be considered a credible witness.

The prosecutor re-advanced the argument on rebuttal, stating:

Secondly, corroboration or lack thereof. The State submitted to you before that the defendant talked about Phil and this Kelly, and this Shauna. And that he was with them watching movies, helping his sick friend, certainly not smoking methamphetamine like he told the officer the night in question. Yet, ladies and gentlemen, where are those people today? What evidence, other than the defendant's statements, corroborates his story? The State would submit to you, there is none.

¶8            The jury found Cross guilty as charged. Cross admitted to four prior felony convictions and was sentenced as a non-dangerous, repetitive offender to concurrent presumptive terms of 10 years' imprisonment for possession of a dangerous drug and 3.75 years' imprisonment for possession of drug paraphernalia and given credit for 100 days of presentence incarceration. Cross timely appealed, and we have

jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1),[2] 13-4031, and -4033(A).

## DISCUSSION

**¶9**       Cross argues he was deprived of a fair trial as a result of prosecutorial misconduct arising from the prosecutor's arguments during closing and rebuttal.  At trial, Cross objected only on the basis of burden shifting.  That objection was insufficient to preserve a claim of prosecutorial misconduct.  *See State v. Rutledge*, 205 Ariz. 7, 13, ¶¶ 29-30 (2003) (holding "the objection 'shifting the burden' did not preserve the issue of prosecutorial misconduct").  Because Cross did not raise prosecutorial misconduct until a post-trial motion to vacate the judgment, we review only for fundamental error.  *Id.* at 13, ¶ 30 (citations omitted); *State v. Mendoza*, 181 Ariz. 472, 474 (App. 1995) (holding an issue raised for the first time in a post-trial motion preserves only fundamental error review).  Under fundamental error review, Cross bears the burden of proving: (1) an error occurred, (2) the error was fundamental — that is, it "goes to the foundation of his case, takes away a right that is essential to his defense, and is of such magnitude that he could not have received a fair trial," and (3) the error caused him prejudice.  *State v. Henderson*, 210 Ariz. 561, 568, ¶¶ 22-26 (2005).

**¶10**       Cross argues the prosecutor improperly exploited the fact that Cross could not call Shauna as a witness to corroborate his defense by questioning her absence during closing and rebuttal arguments.[3]  Although he acknowledges it is not *per se* improper to comment on a defendant's failure to produce evidence, he contends that, because the prosecutor knew Shauna had been declared unavailable based upon the invocation of her Fifth Amendment rights, the argument suggesting Cross did not call

---

[2]       Absent material changes from the relevant date, we cite a statute's current version.

[3]       Cross also argues he was deprived of his constitutional right to confront witnesses against him.  But, a defendant has no Sixth Amendment right to compel the testimony of a witness who has made a valid assertion of the Fifth Amendment privilege against self-incrimination.  *State v. Rosas-Hernandez*, 202 Ariz. 212, 216, ¶ 10 (App. 2002) (citing *United States v. Turkish*, 623 F.2d 769, 773-74 (2d Cir. 1980)).  Cross does not contend the trial court erred in finding Shauna validly asserted her Fifth Amendment privilege, and therefore, Cross's Sixth Amendment rights are not implicated here.

Shauna because she had inculpatory information was intentionally misleading. We agree.

¶11          It is within the discretion of the trial court to exclude a witness who has indicated she will refuse to testify through the invocation of her Fifth Amendment right against self-incrimination. *State v. Corrales*, 138 Ariz. 583, 588 (1983). But, "an adverse inference from failure to call a witness may not be argued by counsel where counsel knows that the witness cannot be produced by his opponent." *Id.* at 587 n.2 (citing 1 M. Udall & J. Livermore, Arizona Practice, *Law of Evidence* § 125, at 257 (2d ed. 1982)); *see also State v. McDaniel*, 136 Ariz. 188, 194 (1983) ("It is well settled that in criminal cases the jury is not entitled to draw any inferences from the decision of a witness to exercise his Fifth Amendment privilege.") (citations omitted). The principle extends "to situations where the witness can be physically produced but cannot be compelled to testify." *Corrales*, 138 Ariz. at 587 n.2. Although wide latitude is given during closing arguments for counsel to comment on the evidence and argue all reasonable inferences therefrom, *McDaniel*, 136 Ariz. at 197, it is misconduct for the prosecutor to build his case out of inferences arising from a witness's invocation of the privilege against self-incrimination, *Corrales*, 138 Ariz. at 591 (citations omitted).

¶12          Here, the prosecutor directed the jury's attention to Shauna's absence on multiple occasions to highlight that Cross's testimony was uncorroborated, and in a manner suggesting Cross had *chosen* not to call Shauna as a witness because she would not verify his version of events. In fact, the prosecutor knew the opposite was true: Shauna had refused to testify because she believed doing so would incriminate her. Under the circumstances, the prosecutor's comments constitute misconduct.

¶13          A finding of error, however, does not end our inquiry; to be reversible, the error must also be fundamental and cause prejudice. *Henderson*, 210 Ariz. at 567, ¶ 20. Even assuming the nature of the violation is fundamental, *see State v. Hughes*, 193 Ariz. 72, 86, ¶ 63 (1998) (noting an improper comment regarding the invocation of the privilege against self-incrimination, whether direct or indirect, violates state and federal constitutional law) (citing *State v. Jordan*, 80 Ariz. 193, 199 (1956)); *Corrales*, 138 Ariz. at 591, "[p]rosecutorial misconduct is harmless error if we can find beyond a reasonable doubt that it did not contribute to or affect the verdict." *Hughes*, 193 Ariz. at 80, ¶ 32 (citing *State v. Towery*, 186 Ariz. 168, 185 (1996), and *State v. Bible*, 175 Ariz. 549, 588 (1993)). Here, we find the error harmless.

¶14 In a prosecution for possession of a prohibited item, the key inquiry is not ownership, but possession or use of the item. *See* A.R.S. §§ 13-3407(A)(1) ("A person shall not knowingly . . . [p]ossess or use a dangerous drug."); -3415(A) ("It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia . . . ."). And, while ownership may rest with a single person, possession can be shared. *See State v. Gonsalves*, 231 Ariz. 521, 523, ¶ 9 (App. 2013) ("[U]nder a theory of constructive possession, two or more persons may jointly possess a prohibited object; possession need not be 'exclusive, immediate and personal.") (quoting *State v. Carroll*, 111 Ariz. 216, 218 (1974)).

¶15 The jury was instructed on actual and constructive, and sole and joint possession. Even if the jury believed Shauna owned the pipe and methamphetamine, there is overwhelming evidence from which the jury could conclude Cross was in constructive possession of the items. *See State v. Villavicencio*, 108 Ariz. 518, 520 (1972) (noting constructive possession applies where the prohibited item is "found in a place under [the defendant's] dominion and control and under circumstances from which it can be reasonably inferred that the defendant had actual knowledge of the existence" of the prohibited item). Cross appeared to be under the influence of methamphetamine when he was stopped, he admitted using methamphetamine earlier in the day, methamphetamine residue was found on the pipe, and he agreed his fingerprints were probably on the pipe he was charged with possessing. In proximity to his arrest, Cross admitted the pipe was his. Additionally, Cross never disputed the pipe and methamphetamine were found in his vehicle, within his dominion and control; he only later argued he did not "own" them.

¶16 In light of the overwhelming evidence Cross had at least constructive possession of the pipe and methamphetamine, we are satisfied, beyond a reasonable doubt, that the prosecutor's improper comments on Shauna's absence did not affect the verdict.[4] We therefore find no reversible error.

---

[4] That the State's trial counsel's error was ultimately harmless excuses neither her violation of the trial court's direction to refrain from commenting on Shauna's absence, or her knowing exploitation of Shauna's invocation of her Fifth Amendment privilege against self-incrimination. Accordingly, pursuant to our ethical obligations, we direct the clerk of the court to forward a copy of this decision to the disciplinary department of the State Bar of Arizona.

**CONCLUSION**

¶17        Cross's convictions and sentences are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED: AA