NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

LOUIS JOSEPH CASSISE, *Petitioner*.

No. 1 CA-CR 14-0852 PRPC
FILED 11-1-2016

Petition for Review from the Superior Court in Maricopa County
No.  CR2012-133428-001
The Honorable Cynthia Bailey, Judge

**REVIEW GRANTED; RELIEF DENIED**

APPERANCES

Maricopa County Attorney's Office, Phoenix
By Karen Kemper
*Counsel for Respondent*

Louis Joseph Cassise, Florence
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court in which Judge Peter B. Swann and Patricia A. Orozco joined.

**G O U L D**, Judge:

¶1   Petitioner Louis Joseph Cassise petitions this court for review from the dismissal of his petition for post-conviction relief. Cassise pled guilty to ten counts of public sexual indecency to a minor that he committed against ten different victims over four different dates. The superior court sentenced him to consecutive, aggravated terms of two years' imprisonment for counts 1 and 2 and placed him on lifetime probation for the remaining counts.

¶2   Cassise argues the superior court erred when it imposed aggravated sentences for counts 1 and 2 because there was no evidence of harm to the victims, the mitigating circumstances outweighed the aggravating circumstances and the probation department recommended lesser sentences. He also argues the court erred when it imposed consecutive sentences because counts 1 and 2 arose from a single act. Finally, Cassise argues lifetime probation on the remaining counts is too onerous, the prosecutor violated the plea agreement when she recommended no less than the presumptive sentences for counts 1 and 2 and that his counsel was ineffective for failing to raise all of these issues.

¶3   We deny relief. Cassise stipulated to a term of imprisonment for any period within the available statutory range for count 1. He also stipulated there were no agreements as to the sentence for count 2. That the probation department recommended presumptive sentences is of no matter and nothing in the plea agreement prevented the prosecutor from urging the court to impose sentences encompassed by the plea agreement. Regarding the imposition of aggravated sentences, the court found the harm to the victims was the sole aggravating circumstance. The court had presided over the case for just over a year by the time of sentencing and was, therefore, familiar with the facts of the case. The court also noted that it made its determination based on information in the presentence report and attached documents, the plea agreement, the State's sentencing memorandum and a letter to the court from an unidentified victim's representative which described the harm to the victim. While the State's sentencing memorandum, the letter to the court and some of the documents attached to the court's copy of the presentence report are not in the record on review, Cassise had the duty to see that all necessary documents are included in the record. *State v. Mendoza*, 181 Ariz. 472, 474 (App. 1995). When matters are not included in the record, we presume the missing portions support the decision of the trial court. *Id*.

**¶4**      Regarding Cassise's other sentencing claims, balancing the aggravating and mitigating circumstances was a matter for the superior court, *State v. Harvey*, 193 Ariz. 472, 477, ¶ 24 (App. 1998), and a court may impose consecutive sentences when, as here, a single act affects multiple victims. *State v. White*, 160 Ariz. 377, 380 (App. 1989). Regarding lifetime probation, Cassise stipulated to lifetime probation on the remaining counts as a term of his plea agreement. **(I. 78.)** Finally, because none of the above claims were colorable, Cassise failed to present a colorable claim of ineffective assistance based on the failure to raise these issues below.

**¶5**      We deny relief on the remaining issues because Cassise did not raise those issues below. *State v. Ramirez*, 126 Ariz. 464, 467 (App. 1980); *State v. Wagstaff*, 161 Ariz. 66, 71 (App. 1988); *State v. Bortz*, 169 Ariz. 575, 577 (App. 1991); Ariz. R. Crim. P. 32.9(c)(1)(ii).

**¶6**      We grant review but deny relief.



AMY M. WOOD • Clerk of the Court
FILED:  AA