NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

MATTHEW JOSIAH LONG, *Petitioner*.

No. 1 CA-CR 24-0493 PRPC

FILED 02-25-2025

Petition for Review from the Superior Court in Navajo County
No. S0900CR202000097
The Honorable Joseph Samuel Clark, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Navajo County Attorney's Office, Holbrook
By Bradley W. Carlyon
*Counsel for Respondent*

Matthew Josiah Long, Buckeye
*Petitioner*

**MEMORANDUM DECISION**

Judge Angela K. Paton delivered the decision of the Court, in which
Presiding Judge Kent E. Cattani and Judge Samuel A. Thumma joined.

**P A T O N**, Judge:

¶1         Matthew Josiah Long petitions for review from the superior court's order dismissing his notice requesting post-conviction relief.  We grant review but deny relief.

## FACTS AND PROCEDURAL HISTORY

¶2         Long pled guilty to one count of attempted second degree murder, one count of aggravated assault, one count of child abuse, and one count of possession of marijuana.  In April 2021, the superior court sentenced him to concurrent prison terms totaling seventeen years.

¶3         Nearly three years later, in February 2024, Long filed a notice requesting post-conviction relief ("PCR") in the superior court.  He acknowledged his notice was not timely, but claimed it was not his fault.  He sought to assert ineffective assistance of trial and PCR counsel claims, as well as claims for relief under each of the grounds listed in Arizona Rules of Criminal Procedure ("Rule") 32.1(b)-(h) and 33.1(b)-(h).  Long requested PCR counsel, which the superior court appointed.  The court also scheduled a hearing to address the timeliness of Long's notice.

¶4         Long and the State then briefed the timeliness issue.  In Long's brief, his PCR counsel explained that Long claimed his notice was untimely because his trial counsel told him that counsel would file a PCR petition on Long's behalf.  But Long's PCR counsel said he spoke with trial counsel from the Public Defender's Office, who did not recall the conversation, but said "the Public Defender's office would not file a [PCR petition] on behalf of a [d]efendant."  Trial counsel also said it was not his general practice to file a PCR petition on behalf of a defendant and that he had not done so in the past.

¶5         In the State's brief, it argued that even if Long's claim was true, his nearly three-year delay in filing the PCR notice meant it was not filed "within a reasonable time after discovering the basis for the claim" under Rule 32.4(b)(3)(B) and Long did not "provide sufficient reasons" explaining why it was not timely raised under Rule 33.2(b).  The superior court heard oral argument and, according to its subsequently issued order summarily denying the PCR petition, made findings on the record at the hearing supporting its denial.  This petition for review followed.

**DISCUSSION**

¶6 We review a superior court's ruling on a PCR petition for an abuse of discretion, which occurs if the "court makes an error of law or fails to adequately investigate the facts necessary to support its decision." *State v. Pandeli*, 242 Ariz. 175, 180, ¶ 4 (2017) (citations omitted). We will affirm the superior court's decision "if it is legally correct for any reason." *See State v. Roseberry*, 237 Ariz. 507, 508, ¶ 7 (2015).

¶7 Long contends the superior court erred in dismissing his PCR notice because his untimely filing was excusable.

¶8 "A defendant must file the notice for a claim under Rule 33.1(a) within 90 days after the oral pronouncement of sentence." Ariz. R. Crim. P. 33.4(b)(3)(A). If a defendant intends to bring claims under Rules 33.1(b)-(h), the defendant must file the notice for their claim within a reasonable time after discovering the basis for the claim. Ariz. R. Crim. P. 33.4(b)(3)(B). Long does not dispute that his claims were untimely. They were therefore subject to summary dismissal unless he "adequately explain[ed] why the failure to timely file a notice was not [his] fault." Ariz. R. Crim. P. 33.4(b)(3)(D); 33.11(a).

¶9 Long argues that his untimely notice should be excused because he believed his trial counsel was going to file it, and he was experiencing mental health issues from 2021-2024 which led to his late discovery that it had not been filed. In its order dismissing Long's petition, the superior court noted it heard argument from both parties on the issue and it "made findings as set forth on the record." But Long has not provided us a transcript from that hearing. *See* Ariz. R. Crim. P. 33.13(e). We therefore do not have the superior court's findings before us and must presume the missing portion of the record supports the superior court's decision denying Long's petition based on untimeliness. *State v. Mendoza*, 181 Ariz. 472, 474 (App. 1995).

**CONCLUSION**

¶10 We grant review and deny relief.

